UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                             Plaintiff,          08 Civ. 5299  (SAS)

- against -

                                        DECLARATION OF
                                        SERVICE

SEA GULL SHIPPING  CO., LTD, a/k/a Sea Gull
Shipping Co. SARL,

                             Defendant.
-------------------------------------------------------------X

    I, Jean Baroudi, declare as follows;

    1. I am a lawyer admitted to practice before the Courts of the Republic of Lebanon and am fluent in English and Arabic.

    2.  I was consulted by Mahoney & Keane on the matter of service in Lebanon of process from foreign jurisdictions. My opinion to them was that Lebanese Law on Civil Procedure does not regulate the issue of service of process from foreign jurisdictions. I advised however that there is a general rule in Law No. 337 dated 6/8/1994 governing the Services of Notaries which empowers the latter the right to arrange for service of all "notifications and notices through a bailiff of the Court".

    3. On June 26, 2008, I addressed a letter to Sea Gull Shipping Co., through the Notary Public of Beirut, whereby I informed it of the attached summons and verified complaint. I enclosed to the said letter the documents related to the matter, among which, were the summons, the verified complaint, Process of Maritime Attachment and Garnishment and the Ex Parte Order of Attachment. I requested that this letter be served with its enclosures upon defendant Sea Gull

Shipping Co. Ltd. at its place of business in Saida, Lebanon. The Notary Public of Beirut requested same from the Head of the bailiffs' office of Saïda, Lebanon.

4. On July 1, 2008, a bailiff from the bailiff's office of Saïda served upon and delivered copies of the summons and verified complaint (Exhibit A) to Mohammad Ghaddar, the general manager of defendant Sea Gull Shipping who acknowledged receipt by signing the attached receipt marked as Exhibit B. Attached as Exhibit C is a true and accurate translation of Exhibits A & B from Arabic into English which I have done.

5. To the best of my legal opinion, service of the attached summons and verified complaint, as it was effected on Sea Gull Shipping Ltd., conforms to the laws of Lebanon.

I declare under the penalty of perjury of the laws of the United States that the foregoing statements are true and correct.

Executed: Beirut, Lebanon
         July 14, 2008

By: _____
       JEAN BAROUDI

2

**EXHIBIT A**

بـــارُودي وَمشـــاركــوه
مَكتَبُ مُحَامَـاةٍ

بيروت في ، ٢٠٠٨/٦/٢٤

كتاب موجّه بواسطة الكاتب العدل في بيروت

الى شركة .SEA GULL SHIPPING CO. Ltd

بشخص المفوض بالتوقيع عنها

أو أي من العاملين لديها

<u>صيدا — منطقة الوسطاني</u>

بعد التحية ،

<u>الموضوع</u>:    النـــزاع حـــول تنفيـــذ الاتفاقيـــة تـــاريـخ ٢٠٠٦/٥/٤ المـوقّـعـة بيــن شركــة

KALAFRANA SHIPPING LTD وشركة .SEA GULL SHIPPING CO. Ltd

بوكالتنا العامة عن شركة KALAFRANA SHIPPING LTD، وعطفاً على كتبنا السابقة بخصوص الموضوع أعلاه، نحيطكم علماً أن موكلتنا قد باشرت بإجراءات قضائية في الولايات المتحدة الأميركية بهدف تحصيل المبالغ المحكوم لها بها بموجب القرار التحكيمي الصادر عن المحكّم السيد Christopher Fyans بتاريخ ٢٠٠٧/١٢/١٤ مع ملحقه التصحيحي تاريخ ٢٠٠٨/١/١١.

وقد صدر نتيجة للاجراءات المذكورة قرار بتاريخ ٢٠٠٨/٦/١٠ قضى بإلقاء الحجز على الأموال العائدة لشركة .SEA GULL SHIPPING CO. Ltd لدى بعض البنوك.

وانفاذاً للقرار المذكور أعلاه، ألقى بنك JPMorgan Chase الحجز على مبلغِ /١١٩,٨١٠,٦٨/ د.أ (ماية وتسعة عشر ألف وثمانماية وعشرة دولارات وثمانية وستين سنتاً) عائد لكم.

واننا نرفق ربطاً بكتابنا هذا صور عن المستندات التالية :

١— صورة عن الشكوى المحققة (Verified Complaint) المقدمة من قبل وكيل KALAFRANA SHIPPING LTD، مكتب MAHONEY & KEANE, LLP، الى محكمة مقاطعة جنوب ولاية نيويورك UNITED STATES DISTRICT COURT SOUTHERN

بــارودي وَمشــاركُـه
مكتب محاماة

DISTRICT OF NEW YORK المؤرخ في ٢٠٠٨/٦/٣ والمؤلف من سبعة صفحات مع ملحق مؤلف من صفحة واحدة (مستند رقم ١).

٢- صورة عن استدعاء للمثول أمام المحكمة المدنية (Summons in a civil action) مؤرخ في ٢٠٠٨/٦/١٠ وموجه الى شركة SEA GULL SHIPPING CO. Ltd. لتقديم دفاعها في الشكوى المقدمة ضدها من قبل KALAFRANA SHIPPING LTD خلال عشرين يوماً من تاريخ التبليغ. ان الاستدعاء المذكور مؤلف من صفحتين (مستند رقم ٢).

٣- صورة عن قرار القاء الحجز على الأموال العائدة لشركة SEA GULL SHIPPING CO. Ltd. لدى بعض البنوك الصادر عن محكمة مقاطعة جنوب ولاية نيويورك UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK بتاريخ ٢٠٠٨/٦/١٠ والمؤلف من صفحتين (مستند رقم ٣).

٤- صورة عن القرار الصادر عن محكمة مقاطعة جنوب ولاية نيويورك UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK بتاريخ ٢٠٠٨/٦/١٠ والقاضي بتكليف المحامين لدى مكتب MAHONEY & KEANE, LLP بإبلاغ البنوك المعددة في قرار القاء الحجز وكل من قد. يكون حائزاً لأموال عائدة لشركة SEA GULL SHIPPING CO. Ltd. ان هذا القرار مؤلف من ثلاث صفحات (مستند رقم ٤).

٥- صورة عن كتاب موجه من قبل محامي بنك JPMorgan Chase الى وكيل شركة KALAFRANA SHIPPING LTD لاعلام هذا الأخير بأن البنك المذكور قد ألقى الحجز بتاريخ ٢٠٠٨/٦/١٣ على مبلغ ١١٩,٨١٠,٦٨/ د.أ (ماية وتسعة عشر ألف وثمانماية وعشرة دولارات وثمانية وستين سنتاً) عائد لشركة SEA GULL SHIPPING CO. Ltd. ان هذا الكتاب مؤرخ في ٢٠٠٨/٦/١٦ وهو مؤلف من صفحة واحدة (مستند رقم ٥).

لذلك، يرجى التفضل بأخذ العلم.

وتفضلوا بقبول الاحتـــرام
مع الاحتفاظ بكافة الحقوق

المحامي جــان بــارودي

٢

٦

3593

**MAHONEY & KEANE, LLP**
76 Beaver Street, 10th Floor
New York, New York 10005
(212) 385-1422

*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                              Plaintiff,

    - against -

SEA GULL SHIPPING  CO. LTD, a/k/a Sea Gull
Shipping Co. SARL

                            Defendant.
-------------------------------------------------------X

08 Civ. 5299 (SAS)

**VERIFIED COMPLAINT,
PETITION
AND RULE B ATTACHMENT**

       Plaintiff KALAFRANA SHIPPING LTD by its attorneys, Mahoney & Keane, LLP., as
and for its Verified Complaint against Defendant SEA GULL SHIPPING CO. Ltd., a/k/a Sea Gull
Shipping Co. SARL alleges upon information and belief, as follows:

       1.       This is an admiralty and maritime claim within the meaning of Rule 9(h) of the
Federal Rules of Civil Procedure and 28 U.S.C. § 1333.  This Honorable Court's Supplemental
Jurisdiction is also invoked pursuant to 28 U.S.C. § 1367 as set forth more fully hereinafter.

       2.       Venue is proper under 28 U.S.C. §§ 1391(d) because Defendant Sea Gull
Shipping Co. Ltd. (hereafter referred to as "defendant" or "Sea Gull") is an alien.

       3.       At and during all times hereinafter mentioned, Plaintiff Kalafrana Shipping Ltd
(hereinafter referred to as "plaintiff" or "Kalafrana") was, and still is, a corporation organized and
existing under and by virtue of the laws of the Republic of Malta with a principal place of

business located at Mercury House, 125 Old Mint Street, Valletta, VLT 12, Malta, and was and is engaged in the business of owning and/or operating vessels for profit in world wide trade.

4.    Upon information and belief, Defendant Sea Gull is a corporation or other business entity incorporated under the laws of the Lebanese Republic with an office and place of business located at Riad El Soloh Street, 1st Floor, Bizri Building, behind Jammal Bank, Saida, Lebanon. At all times hereinafter mentioned, Sea Gull was engaged, *inter alia,* in the business of owning, operating and chartering vessels.

5.    On or about May 4, 2006 plaintiff and defendant entered into an agreement whereby defendant would sell the ro-ro Motor Vessel ASSIL to defendant under certain terms and conditions including, but not limited to, the parties' agreement that all disputes would be submitted to arbitration at London under the auspices of the London Maritime Arbitrators' Association.

6.    Thereafter, defendant did not perform its obligations under the aforesaid agreement, plaintiff purchased the vessel from a third party and numerous disputes ensued between plaintiff and defendant involving the value of bunker fuel and lube oil aboard the vessel on or about June 16, 2006, the responsibility for the cost of effecting engine and other repairs necessary for the vessel to satisfy Classification Society requirements, certain bottom cleaning and class inspection costs, certain crew subsistence and repatriation expenses, certain engine serviceman fees, certain vessel agency and husbanding fees at the Port of Genoa, Italy and the allegedly wrongful arrest of the vessel by defendant at the Port of Trieste, Italy during the period April 4 through April 6, 2007.

7.    The parties' disputes were submitted to an arbitration tribunal consisting of sole arbitrator Christopher Fyans who rendered a final award on December 12, 2007, as subsequently

corrected as to the content of one paragraph on January 11, 2008. A copy of the award, reasons for the award and correction to the award is annexed hereto as Exhibit 1.

8.     The arbitrator awarded to plaintiff the sum of US$34,855.36 for damages incurred by plaintiff as a result of the aforesaid wrongful arrest of the vessel by defendant at Trieste.

9.     The arbitrator awarded to plaintiff the sum of US$509,350 necessarily expended to repair the vessel's engines and other equipment and systems to satisfy Classification Society requirements.

10.     The arbitrator awarded to plaintiff the aggregate sum of US$97,069.37 for various expenses incurred at the Port of Genoa.

11.     The arbitrator declared that plaintiff was entitled to set off certain of the amounts awarded to it against the sum of US$79,113.40 claimed by the defendant as the value of bunker fuel and lube oil.

12.     The arbitrator also awarded to plaintiff compound interest on certain sums at the rate of 6.4% per annum calculated to be $49,212.29 up to December 12, 2007 totaling along with the other net sums awarded as referred to in paragraphs 8 through 11 $611,373.62, which total sum earned interest at the rate of 6.0% per annum from December 28, 2007 in accordance with paragraph E of the Award (pp. 5-6) thus totaling US$627,163.36 as of May 31, 2008 and thereafter at the rate of $102.01 per day up to June 27, 2008 when the accrued interest will be compounded and daily rate recalculated based upon the new principal.

13.     The arbitrator awarded to plaintiff its reasonable costs of the arbitration, which remain unliquidated, and also assessed the arbitrator's costs against defendant as the primary obligor or as indemnitor in the event plaintiff paid the arbitrator his fee in British pounds, equivalent to US$ 12,140, which payment plaintiff made on December 19, 2007 to the arbitrator.

14.    Although plaintiff has fulfilled all conditions precedent and made demand upon defendant for payment, defendant has wrongfully failed to pay any portion of the Arbitration Award.

15.    Under the law of the place where the award was made, being English law, the award is final.

## AS AND FOR A FIRST CAUSE OF ACTION

16.    Plaintiff repeats and re-alleges paragraphs 1 through 8 and 12 through 15 and incorporates them herein by reference as though fully set forth at length.

17.    Plaintiff is entitled to and hereby prays for confirmation of the arbitration award in the amount of US$34,855.36 with respect to damages sustained as a result of the wrongful arrest of the vessel by defendant plus interest in the amount of US$2,355.36 through May, 31, 2008 and accruing thereafter at the rate of US$6.05 per day until June 27, 2008, and for entry of judgment thereon pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION

18.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

19.    Plaintiff is entitled to and hereby prays for confirmation of the arbitration award in the amount of US$12,472.02, being the amount of fees paid to the arbitrator by plaintiff plus interest in the amount of US$332.02 through May, 31, 2008 and accruing thereafter at the rate of US$2.03 per day until June 18, 2008, and for entry of judgment thereon pursuant to the Federal

4

Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## AS AND FOR A THIRD CAUSE OF ACTION

20.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

21.    As a result of defendant's breach of the contract, the arbitrator awarded the plaintiff the additional sum of US$527,305.97 plus interest in the amount of US$62,646.67 as of May 31, 2008 and accruing thereafter at the rate of US$95.95 per day until June 27, 2008, and plaintiff prays for confirmation of the award in the aggregate amount of US$589,952.64 and entry of judgment thereon in accordance with the Court's Admiralty jurisdiction or jurisdiction supplemental to the claims asserted in the First and Second Causes of Action and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

22.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

23.    After due investigation, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendant has, or will have during the pendency of this action, assets, comprising *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant, or either of them ("assets"), including

5

but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court including, but not limited to, UBS Bank, HSBC (USA), Bank of America, Deutsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon, and/or Standard Chartered Bank, which are believed to be due and owing to the defendant.

24.    The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant and to secure and/or satisfy the plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the defendant citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since the defendant Sea Gull Shipping Co. Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be

served with a copy of the Process of Attachment issued herein, including, but not limited to, UBS Bank, HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon and/or Standard Chartered Bank, which are believed to be due and owing to the defendant Sea Gull Shipping Co. Ltd. in the amount of US$639,635.38 to satisfy and/or secure plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint

C.    That this Court confirm the arbitration award(Exhibit 1) and enter judgment thereon in the total amount of US$639,635.38 plus interest and costs in favor of Kalafrana Shipping Ltd and against Sea Gull Shipping Co. Ltd. a/k/a Sea Gull Shipping Co. SARL; and

D.    That the plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        June 3, 2008

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Plaintiff

                                    By
                                        Christopher H. Mansuy
                                        76 Beaver Street, 10th Floor
                                        New York, New York 10005
                                        (212) 385-1422
                                        Our File: 3593

P:\3593\LEGAL\Verified complaint.DOC

7

## VERIFICATION

I, Marc Nicholas Sturzenegger, declare and state that I am the Director of Legal Services for Bayside Services SA, a Swiss company carrying on business as maritime consultants located in Nyon Switzerland, which was engaged by plaintiff Kalafrana Shipping Ltd., a Maltese corporation, to prosecute Kalafrana's claim against Sea Gull Shipping Co. Ltd arising out of Sea Gull's breach of a contract involving the sale of the M/V ASSIL in 2006 and subsequent wrongful arrest of the vessel by Sea Gull in the port of Trieste in April, 2007, which claims were submitted to an arbitration tribunal in London which rendered an award in favor of Kalafrana Shipping Ltd. I am fully familiar with the facts of the claims asserted in this complaint by virtue of my active participation in conducting the successful arbitration on behalf of plaintiff Kalafrana Shipping Ltd. I have reviewed the foregoing Verified Complaint. I know of my own knowledge that the allegations are true, except as to matters stated on information and belief and as to those matters, I believe them to be true. The reason that this Verification is not made by the plaintiff itself is that the plaintiff is a corporation.

I declare that the foregoing statements made by me are true and correct under penalty of perjury of the laws of the United States of America.

Executed:    Nyon, Switzerland
             June 3, 2008

_____
MARC STURZENEGGER

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____     District of     _____New York_____

KALAFRANA SHIPPING LTD,

**SUMMONS IN A CIVIL ACTION**

V.

SEA GULL SHIPPING CO. LTD. a/k/a Sea Gull
Shipping Co. SARL

CASE NUMBER:    08 -

08 CIV 5299

TO: (Name and address of Defendant)

      Sea Gull Shipping Co. Ltd.
      Riad El Solok Street
      1st Floor, Bizri Bldg
      behind jammal bank
      Saida, Lebanon

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

      Mahoney & Keane, LLP
      76 Beaver Street, 10th Floor
      New York, New York    10005

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 1 0 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                         Date                                          *Signature of Server*


                                                   _____
                                                   *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                                        Plaintiff,                    08 Civ. 5299 (SAS)

                    - against -
                                                                      PROCESS OF MARITIME
SEA GULL SHIPPING  CO., LTD, a/k/a Sea Gull                            ATTACHMENT AND
Shipping Co. SARL,                                                    GARNISHMENT

                                        Defendant.
-----------------------------------------------------------X

The President of the United States to:

The Marshal of the Southern District of New York Greeting:

    **WHEREAS,** a Verified Complaint has been filed in the United States District Court for
the Southern District of New York, on June    , 2008, by KALAFRANA SHIPPING LTD,
Plaintiff, against SEA GULL SHIPPING CO., LTD, a/k/a Sea Gull Shipping Co. SARL,
Defendant, and owner of various accounts in an action for damages for breach of a charter
agreement, in the amount of **$639,635.38** and praying that process may issue in due form of law
and according to the practice of this Court against Defendant and for the attachment of the goods
and chattels of said Defendant;

    **NOW,** therefore, we do hereby empower and strictly charge and command you, the said
Marshal, to cite and admonish the said Defendant, and that if the said Defendant cannot be found
in the Southern District of New York, that you attach Defendant's goods and chattels in said
District to the amount sued for; and if no goods and chattels can be found, that you attach
Defendant's debt, credits and effects, to the amount sued for, in the hands of garnishees named in
the Complaint, specifically including the following:

| | | |
|---|---|---|
| Standard Chartered Bank<br>1 Madison Avenue<br>New York, NY 10010-3603 | Bank of America<br>c/o Zeichner Ellman & Krause, LLP<br>575 Lexington Ave.<br>New York, NY 10022 | HSBC Bank USA N.A.<br>120 Broadway<br>New York, NY 10271 |
| The Bank of New York<br>Mellon<br>120 Broadway, 19th Flr.<br>New York, NY 10286 | Deutsche Bank A.G.<br>60 Wall Street<br>New York, New York 10005 | J.P. Morgan Chase<br>1 Chase Manhattan Plaza<br>20th Floor<br>New York, NY 10007 |
| Wachovia Bank N.A.<br>1755 Broadway<br>New York, NY 10019 | Citi Bank<br>Corporate Litigation for International<br>Operations | American Express Bank<br>c/o Zeichner Ellman &<br>Krause, LLP |

|  | 1 Court Square<br>Long Island City, NY 11101 | 575 Lexington Ave.<br>New York, NY  10022 |
|---|---|---|

UBS
299 Park Avenue
New York, NY

You are also directed to notify the above garnishees, that:

(1).    An attachment has been commenced against the Defendant;

(2).    The garnishees are required to file in the office of the Clerk of the United States District Court for the Southern District of New York within twenty (20) days from the service of this Writ, a report, under oath, setting forth in detail all debts owing by the garnishees to the Defendant; all property of the Defendant in the possession, custody or control of the garnishees or to which the garnishees hold legal title; all property which is held by the garnishees as fiduciary in which the Defendant has an interest; and whether any property attached is immune or exempt from attachment; and

(3).    The garnishees are enjoined from paying any debt to or for the account of Defendant, and from delivering any property owned by the Defendant to or for the account of the Defendants or otherwise disposing thereof;

(4).    The garnishees are required to promptly forward a copy of this Writ to the Defendant.

**PLEASE TAKE NOTICE** that if the property of the Defendant is found in the possession of anyone not a garnishee, you are directed to notify him that he has been added as a garnishee, is directed to file a report, and is enjoined as above stated.

Amount of Plaintiff's claim: $639,635.38

WITNESS, the Honorable Kimba M. Wood, Chief United States District Judge of said Court, this 10 day of June, 2008, and of our Independence the two-hundred and thirty-second year.

Clerk    **J. MICHAEL McMAHON**

By: _____
        Deputy Clerk

NOTE:    This process is issued pursuant to Rule B (1) of the Supplemental Rules for certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

CERTIFIED AS A TRUE COPY ON
THIS DATE 06/16/08
BY _____ Clerk/Deputy

2

3593                                                          *SCHEINDLIN*

MAHONEY & KEANE, LLP
76 Beaver Street, 10th Floor
New York, New York  10005
(212) 385-1422

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                                        Plaintiff,            08 Civ. *5299 S45*

                    - against -
                                                          *EXPARTE* ORDER
                                                          FOR PROCESS OF
SEA GULL SHIPPING  CO., LTD, a/k/a Sea Gull          MARITIME ATTACHMENT
Shipping Co. SARL,

                                        Defendant.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06-10-08

        WHEREAS on June    , 2008, Plaintiff KALAFRANA SHIPPING LTD filed a Verified

Complaint herein against Defendant SEA GULL SHIPPING CO. LTD., a/k/a Sea Gull Shipping

Co. SARL for damages in the amount of $639,635.38 and prayed for the issuance of Process of

Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for

Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and

        WHEREAS the Process of Maritime Attachment and Garnishment would command the

United States Marshal or other designated process server attach any and all of Defendant's property

within the District of this Court; and

        WHEREAS the Court has reviewed the Verified Complaint and the Supporting Affidavit,

and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

        ORDERED that Process of Maritime Attachment and Garnishment shall issue against all

tangible or intangible property belonging to, claimed by or being held for Defendant SEA GULL

SHIPPING CO. LTD., a/k/a Sea Gull Shipping Co. SARL, by any garnishees within this District, including but not limited to American Express Bank, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank and UBS, in the amount of $639,635.38 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to this Court, be entitled to a prompt hearing at which Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted, and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court, and it is further

ORDERED that following initial service by the United Stated Marshal or other designated process served upon such garnishee, that supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to each garnishee and that such garnishee personally served shall furnish to Plaintiff's counsel, the U.S. Marshal or designated process server a facsimile number or e-mail address to which supplemental and/or subsequent services may be made and other verifiable electronic means, including e-mail, if transmitted from within the District, shall be deemed to have been made within the district; and it is further

ORDERED that service on any garnishee as described above is deemed effective continuous services throughout the day from the time of each service through the opening of the garnishee's business the next business day, and it is further

ORDERED that, pursuant to Federal Rule of Civil Procedure (5(b)(2)(D), each garnishee may consent to accept service by any other means, and it is further

ORDERED that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

NOW, on reading and filing the Affidavit of Christopher H. Mansuy sworn to on June 5, 2008, and good cause having been shown, it is hereby

FURTHER ORDERED, that Christopher H. Mansuy, Edward A. Keane, Cornelius A. Mahoney, Garth S. Wolfson, Jorge A. Rodriguez, Marie Cush, or any other partner, associate, paralegal or other agent of MAHONEY & KEANE, LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with any interrogatories, upon garnishee(s) American Express Bank, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank and UBS, together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff) may hold assets of, for, or on behalf of Defendant, SEA GULL SHIPPING CO. LTD.

Dated: New York, New York
      June 10, 2008

                                    _____
                                           U.S.D.J.

P:\3593\LEGAL\Ex Parte Order for Process.DOC

                                    CERTIFIED AS A TRUE COPY ON

                                    THIS DATE  06·10·08

                                    BY _____
                                              ( ) Clerk
                                              (—) Deputy

3

# RAWLE & HENDERSON LLP



CARL D. BUCHHOLZ, III
215-575-4235
CBUCHHOLZ@RAWLE.COM

KEVIN L. MCGEE
215-575-4431
KMCGEE@RAWLE.COM

THE NATION'S OLDEST LAW OFFICES
ESTABLISHED 1783

WWW.RAWLE.COM

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

June 16, 2008

*Via Email: cmansuy@mahoneykeane.com*
Christopher H. Mansuy, Esquire
Mahoney & Keane, LLP
111 Broadway – 10th Floor
New York, NY 10006

Re:   **Kalafrana Shipping Ltd. v. Sea Gull Shipping Co. Ltd. a/k/a Sea Gull Shipping Co. SARL**
       **Docket No.: SDNY: 08-5299**
       **Our File No.: 444,218-685**

Dear Mr. Mansuy:

This will confirm that, pursuant to a Writ of Maritime Attachment served by you on JPMorgan Chase on behalf of Kalafrana Shipping Ltd., funds in the amounts of $119,265.68 and $545.00, totaling $119,810.68, being wire transferred from Sea Gull Shipping Co. SARL, were restrained on June 13, 2008.

Pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York, please notify defendant of the restraint of these funds and provide the undersigned with confirmation of the notification.

Please call if you have any questions concerning the restrained funds.

Very truly yours,

RAWLE & HENDERSON LLP

By:   Carl D. Buchholz, III
      Kevin L. McGee
CDB/KLM/sam
cc:   Mr. Norberto B. Bonga - **Email:** Norberto.B.Bonga@jpmchase.com
      Ms. Johnette Reid - **Email:** Johnette.Reid@jpmchase.com
      Ms. Teresa Goldberg, Esquire – **Via Email:** Teresa.j.Goldberg@chase.com

2444309-1

**EXHIBIT B**

علم وخبر تبليغ

دائرة الكاتب بالعدل في بيروت وكيل إلى

مكتب الاستاذ غسان بزي

طالب التبليغ : *KALAFRANA SHIPP*

المطلوب ابلاغه : شركة *SEA GULL SHIPP*

نوع الاوراق :

تاريخ الاوراق :

رقم الاوراق :

تبلغت واستلمت نسخة عن الاوراق المرسلة من جانب الكاتب
بالعدل في بيروت الاستاذ المبين نوعها وتاريخها
وتاريخها اعلاه واشعار باستلامها هذا الوصل

*SEA GULL SHIPP*

**EXHIBIT C**

**EXHIBIT C**
**TRANSLATION**

**EXHIBIT A**

No. 4305/2008

*BAROUDI & ASSOCIATES*
*Law Firm*

*Raymond Edde (1914-2000)*
*Samir Baroudi*
*Jean Baroudi*
*Richard Nader*
*Josiane Lahoud*
*Charlotte Chemaly*
*Roula Fares*
*Maher Mrad*
*Samir Safa*
*Sandra Mehanna*
*Nadim El-Hajj*
*Nisrine Ayyoub*
*Rita Ghanem*

Beirut, on 24/06/2008

**Letter sent through the Notary Public of Beirut**
**To SEA GULL SHIPPING CO. Ltd**
**Represented by its Authorized Signatory**
**Or any of its Employees**

**Saïda- Wastani**

Sirs,

**Subject- The dispute over the execution of the MOA dated 04/05/2006 concluded between**
**KALAFRANA SHIPPING LTD and SEA GULL SHIPPING CO. Ltd.**

On behalf of KALAFRANA SHIPPING LTD, which we represent in accordance with a general power of attorney, and further to the letters previously sent to you with regard to the subject above, we hereby inform you that our client has initiated judicial proceedings in the United States of America in order to recover the amounts awarded to it in accordance with the arbitration award rendered by the arbitrator, Mr. Christopher Fyans, on 14/12/2007, as amended on 11/01/2008.

As a result of these proceedings, a garnishment was ordered on 10/06/2008 over the amounts held by SEA GULL SHIPPING CO. Ltd with some banks.

Following this decision, JPMorgan Chase imposed a garnishment over the amount of US$ 119,810.68 (One Hundred Nineteen Thousand Eight Hundred and Ten American Dollars and Sixty-Eight Cents) belonging to you.

You may find enclosed copies of the following documents:

1- A copy of the verified complaint filed by the counsel of KALAFRANA SHIPPING LTD, Mahoney & Keane, LLP, before the United States District Court Southern District of New York, on 03/06/2008, which consists of seven pages, along with an addendum of one page (**Appendix No. 1**).

2- A copy of the summons in a civil action, dated 10/06/2008 sent to SEA GULL SHIPPING CO. Ltd and ordering the latter to present its defense within the scope of the complaint lodged against it by KALAFRANA SHIPPING LTD within twenty days as of its notification. The said writ of summons consists of two pages (**Appendix No. 2**).

3- A copy of the garnishment order over the amounts held by SEA GULL SHIPPING CO. Ltd with some banks rendered by the United States District Court Southern District of New York on 10/06/2008 and which consists of two pages (**Appendix No. 3**).

4- A copy of the order rendered by the United States District Court Southern District of New York on 10/06/2008 which requested Mahoney & Keane, LLP to notify the banks mentioned in the attachment order and all of the parties holding any amounts reverting to SEA GULL SHIPPING CO. Ltd. This order consists of three pages (**Appendix No. 4**).

5- A copy of the letter sent by the counsel of JPMorgan Chase to the counsel of KALAFRANA SHIPPING Ltd in order to inform him that the aforementioned bank imposed a garnishment on 13/06/2008 over the amount of US$ 119,810.68 (One Hundred Nineteen Thousand Eight Hundred and Ten American Dollars and Sixty-Eight Cents) belonging to SEA GULL SHIPPING CO. Ltd. This letter is dated 16/06/2008 and consists of one page (**Appendix No. 5**).

Therefore, you are kindly requested to take note of the foregoing.

Sincerely yours,
By proxy,
*(Signed)*
Lawyer Jean Baroudi

**No. 4305/2008:**

Seen for the legalization of the signature of Lawyer Jean Baroudi, Lebanese lawyer personally known by me, enjoying civil and legal capacity, acting in the abovementioned capacity, who signed the letter above before me, Ghassan Bezzi, notary public of Beirut, after it was read to him and after he approved its content of his own free will on Thursday, June twenty-six, two thousand and eight.

The notary public of Beirut, Ghassan Bezzi

*Follow the seal and signature of the notary public*

*Follow the handwritten paragraphs:*

*"On Tuesday, July first, 2008, at 10h00 a.m., the requested documents were served upon SEA GULL SHIPPING, through the company manager, Mohammad Ghaddar, who received a copy of the said documents and affixed his signature.*
*01/07/2008"*
(signature of bailiff)

*"With full reservations,*
*01/07/2008*
*Mohammad Ghaddar (signature)"*

3

<u>EXHIBIT B</u>

**Formal Acknowledgment of Service**

*Office of the Notary Public of Beirut*
*Ghassan Bezzi*
----------

**The party requesting service:** KALAFRANA SHIPPING, having as counsel Lawyer Jean Baroudi.
**The party to be served:** SEA GULL SHIPPING, Saïda.
**The documents to be served:** Letter with 5 appendices.
**Date of documents:** 26/06/2008.
**Documents No.:** 4305/2008.

I received a copy of the documents sent by the Notary Public of Beirut which type, number and date are shown hereinabove and signed the present deed to acknowledge receipt.

*Follows the handwritten paragraphs:*

*"On Tuesday, July first, 2008, at 10h00 a.m., the requested documents were served upon SEA GULL SHIPPING, through the company manager, Mohammad Ghaddar, who received a copy of the said documents and affixed his signature.*
*01/07/2008"*
(signed by the bailiff)

*"With full reservations,*
*01/07/2008*
*Mohammad Ghaddar(signature)"*

*Follows the seal of the Lebanese Ministry of Justice.*

4

*To the Head of the Bailiffs' Office of Saïda:*
*You are kindly requested to order the necessary service.*
*(Signed)*
*June 30, 2008*

*Follows the seal of the notary public of Beirut.*

*Seal of the Bailiff's Office of Saïda*
*No. 626*
*01/07/2008*

*To the Notary Public of Beirut, Ghassan Bezzi:*
*Attached herewith is a copy of the acknowledgment of service.*

*Saïda, on 01/07/2008.*
*(Signed)*

*Follows the seal of the Lebanese Ministry of Justice.*

Viewed
05/07/2008
(Signed)
Follows the seal of the Notary Public in Beirut

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                                    Plaintiff,              08 Civ. 5299   (SAS)

- against -
                                                           DECLARATION OF
                                                           SERVICE

SEA GULL SHIPPING  CO., LTD, a/k/a Sea Gull
Shipping Co. SARL,

                                    Defendant.
------------------------------------------------------------X

   I, Jean Baroudi, declare as follows;

   1. I am a lawyer admitted to practice before the Courts of the Republic of Lebanon and

am fluent in English and Arabic.

   2.  I was consulted by Mahoney & Keane on the matter of service in Lebanon of process

from foreign jurisdictions. My opinion to them was that Lebanese Law on Civil Procedure does

not regulate the issue of service of process from foreign jurisdictions. I advised however that

there is a general rule in Law No. 337 dated 6/8/1994 governing the Services of Notaries which

empowers the latter the right to arrange for service of all "notifications and notices through a

bailiff of the Court".

   3. On June 26, 2008, I addressed a letter to Sea Gull Shipping Co., through the Notary

Public of Beirut, whereby I informed it of the attached summons and verified complaint. I

enclosed to the said letter the documents related to the matter, among which, were the summons,

the verified complaint, Process of Maritime Attachment and Garnishment and the Ex Parte Order

of Attachment. I requested that this letter be served with its enclosures upon defendant Sea Gull

Shipping Co. Ltd. at its place of business in Saida, Lebanon. The Notary Public of Beirut requested same from the Head of the bailiffs' office of Saïda, Lebanon.

4. On July 1, 2008, a bailiff from the bailiff's office of Saïda served upon and delivered copies of the summons and verified complaint (Exhibit A) to Mohammad Ghaddar, the general manager of defendant Sea Gull Shipping who acknowledged receipt by signing the attached receipt marked as Exhibit B. Attached as Exhibit C is a true and accurate translation of Exhibits A & B from Arabic into English which I have done.

5. To the best of my legal opinion, service of the attached summons and verified complaint, as it was effected on Sea Gull Shipping Ltd., conforms to the laws of Lebanon.

I declare under the penalty of perjury of the laws of the United States that the foregoing statements are true and correct.

Executed: Beirut, Lebanon
       July 14, 2008

By: _____
    JEAN BAROUDI

2

**EXHIBIT A**

بَارُودِي وَمَشَارِكُوه
مَكتَب مُحَامَاة

بيروت في، ٢٠٠٨/٦/٢٤

كتاب موجّه بواسطة الكاتب العدل في بيروت
الى شركة .SEA GULL SHIPPING CO. Ltd
بشخص المفوض بالتوقيع عنها
أو أي من العاملين لديها

<u>صيدا – منطقة الوسطاني</u>

بعد التحية،

<u>الموضوع</u>:    النـزاع حـول تنفيـذ الاتفاقيـة تاريـخ ٢٠٠٦/٥/٤ الموقّعـة بيـن شركــة
KALAFRANA SHIPPING LTD وشركة .SEA GULL SHIPPING CO. Ltd

بوكالتنا العامة عن شركة KALAFRANA SHIPPING LTD، وعطفاً على كتبنا
السابقة بخصوص الموضوع أعلاه، نحيطكم علماً أن موكلتنا قد باشرت بإجراءات قضائية في
الولايات المتحدة الأميركية بهدف تحصيل المبالغ المحكوم لها بها بموجب القرار التحكيمي
الصادر عن المحكّم السيد Christopher Fyans بتاريخ ٢٠٠٧/١٢/١٤ مع ملحقه التصحيحي
تاريخ ٢٠٠٨/١/١١.

وقد صدر نتيجة للاجراءات المذكورة قرار بتاريخ ٢٠٠٨/٦/١٠ قضى بإلقاء الحجز على
الأموال العائدة لشركة .SEA GULL SHIPPING CO. Ltd لدى بعض البنوك.

وانفاذاً للقرار المذكور أعلاه، ألقى بنك JPMorgan Chase الحجز على مبلغ
/١١٩,٨١٠,٦٨/ د.أ (مائة وتسعة عشر ألف وثمانماية وعشرة دولارات وثمانية وستين سنتًا)
عائد لكم.

واننا نرفق ربطاً بكتابنا هذا صور عن المستندات التالية:

١– صورة عن الشكوى المحققة (Verified Complaint) المقدمة من قبل وكيل
شركة KALAFRANA SHIPPING LTD، مكتب MAHONEY & KEANE, LLP، الى محكمة
مقاطعة جنوب ولاية نيويورك UNITED STATES DISTRICT COURT SOUTHERN

بــارودي وَمشـاركُوه
مكتب مُحـامـاة

DISTRICT OF NEW YORK المؤرخ في ٢٠٠٨/٦/٣ والمؤلف من سبعة صفحات مع ملحق مؤلف من صفحة واحدة (مستند رقم ١).

٢- صورة عن استدعاء للمثول أمام المحكمة المدنية (Summons in a civil action) مؤرخ في ٢٠٠٨/٦/١٠ وموجه الى شركة .SEA GULL SHIPPING CO. Ltd لتقديم دفاعها في الشكوى المقدمة ضدها من قبل KALAFRANA SHIPPING LTD خلال عشرين يوماً من تاريخ التبليغ. ان الاستدعاء المذكور مؤلف من صفحتين (مستند رقم ٢).

٣- صورة عن قرار القاء الحجز على الأموال العائدة لشركة SEA GULL SHIPPING CO. Ltd. لدى بعض البنوك الصادر عن محكمة مقاطعة جنوب ولاية نيويورك UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK بتاريخ ٢٠٠٨/٦/١٠ والمؤلف من صفحتين (مستند رقم ٣).

٤- صورة عن القرار الصادر عن محكمة مقاطعة جنوب ولاية نيويورك UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK بتاريخ ٢٠٠٨/٦/١٠ والقاضي بتكليف المحامين لدى مكتب MAHONEY & KEANE, LLP بإبلاغ البنوك المعددة في قرار القاء الحجز وكل من قد. يكون حائزاً لأموال عائدة لشركة SEA GULL SHIPPING CO. Ltd. ان هذا القرار مؤلف من ثلاث صفحات (مستند رقم ٤).

٥- صورة عن كتاب موجه من قبل محامي بنك JPMorgan Chase الى وكيل شركة KALAFRANA SHIPPING LTD لاعلام هذا الأخير بأن البنك المذكور قد ألقى الحجز بتاريخ ٢٠٠٨/٦/١٣ على مبلغ ١١٩,٨١٠,٦٨/ د.أ (ماية وتسعة عشر ألف وثمانماية وعشرة دولارات وثمانية وستين سنتاً) عائد لشركة .SEA GULL SHIPPING CO. Ltd ان هذا الكتاب مؤرخ في ٢٠٠٨/٦/١٦ وهو مؤلف من صفحة واحدة (مستند رقم ٥).

لذلك، يرجى التفضل بأخذ العلم.

وتفضلوا بقبول الاحتـــرام
مع الاحتفاظ بكافة الحقوق

المحامي جـــان بــارودي

٢                                          ٦

3593

MAHONEY & KEANE, LLP
76 Beaver Street, 10th Floor
New York, New York  10005
(212) 385-1422

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                                   Plaintiff,                    08 Civ. 5299 (SAS)

         - against -

                                                          VERIFIED COMPLAINT,
                                                               PETITION
SEA GULL SHIPPING  CO. LTD, a/k/a Sea Gull        AND RULE B ATTACHMENT
Shipping Co. SARL

                                   Defendant.
-------------------------------------------------------------X

        Plaintiff KALAFRANA SHIPPING LTD by its attorneys, Mahoney & Keane, LLP., as

and for its Verified Complaint against Defendant SEA GULL SHIPPING CO. Ltd., a/k/a Sea Gull

Shipping Co. SARL alleges upon information and belief, as follows:

        1.        This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 U.S.C. § 1333.  This Honorable Court's Supplemental

Jurisdiction is also invoked pursuant to 28 U.S.C. § 1367 as set forth more fully hereinafter.

        2.        Venue is proper under 28 U.S.C. §§ 1391(d) because Defendant Sea Gull

Shipping Co. Ltd. (hereafter referred to as "defendant" or "Sea Gull") is an alien.

        3.        At and during all times hereinafter mentioned, Plaintiff Kalafrana Shipping Ltd

(hereinafter referred to as "plaintiff" or "Kalafrana") was, and still is, a corporation organized and

existing under and by virtue of the laws of the Republic of Malta with a principal place of

business located at Mercury House, 125 Old Mint Street, Valletta, VLT 12, Malta, and was and is engaged in the business of owning and/or operating vessels for profit in world wide trade.

4.    Upon information and belief, Defendant Sea Gull is a corporation or other business entity incorporated under the laws of the Lebanese Republic with an office and place of business located at Riad El Soloh Street, 1st Floor, Bizri Building, behind Jammal Bank, Saida, Lebanon. At all times hereinafter mentioned, Sea Gull was engaged, *inter alia,* in the business of owning, operating and chartering vessels.

5.    On or about May 4, 2006 plaintiff and defendant entered into an agreement whereby defendant would sell the ro-ro Motor Vessel ASSIL to defendant under certain terms and conditions including, but not limited to, the parties' agreement that all disputes would be submitted to arbitration at London under the auspices of the London Maritime Arbitrators' Association.

6.    Thereafter, defendant did not perform its obligations under the aforesaid agreement, plaintiff purchased the vessel from a third party and numerous disputes ensued between plaintiff and defendant involving the value of bunker fuel and lube oil aboard the vessel on or about June 16, 2006, the responsibility for the cost of effecting engine and other repairs necessary for the vessel to satisfy Classification Society requirements, certain bottom cleaning and class inspection costs, certain crew subsistence and repatriation expenses, certain engine serviceman fees, certain vessel agency and husbanding fees at the Port of Genoa, Italy and the allegedly wrongful arrest of the vessel by defendant at the Port of Trieste, Italy during the period April 4 through April 6, 2007.

7.    The parties' disputes were submitted to an arbitration tribunal consisting of sole arbitrator Christopher Fyans who rendered a final award on December 12, 2007, as subsequently

2

corrected as to the content of one paragraph on January 11, 2008. A copy of the award, reasons for the award and correction to the award is annexed hereto as Exhibit 1.

8.     The arbitrator awarded to plaintiff the sum of US$34,855.36 for damages incurred by plaintiff as a result of the aforesaid wrongful arrest of the vessel by defendant at Trieste.

9.     The arbitrator awarded to plaintiff the sum of US$509,350 necessarily expended to repair the vessel's engines and other equipment and systems to satisfy Classification Society requirements.

10.    The arbitrator awarded to plaintiff the aggregate sum of US$97,069.37 for various expenses incurred at the Port of Genoa.

11.    The arbitrator declared that plaintiff was entitled to set off certain of the amounts awarded to it against the sum of US$79,113.40 claimed by the defendant as the value of bunker fuel and lube oil.

12.    The arbitrator also awarded to plaintiff compound interest on certain sums at the rate of 6.4% per annum calculated to be $49,212.29 up to December 12, 2007 totaling along with the other net sums awarded as referred to in paragraphs 8 through 11 $611,373.62, which total sum earned interest at the rate of 6.0% per annum from December 28, 2007 in accordance with paragraph E of the Award (pp. 5-6) thus totaling US$627,163.36 as of May 31, 2008 and thereafter at the rate of $102.01 per day up to June 27, 2008 when the accrued interest will be compounded and daily rate recalculated based upon the new principal.

13.    The arbitrator awarded to plaintiff its reasonable costs of the arbitration, which remain unliquidated, and also assessed the arbitrator's costs against defendant as the primary obligor or as indemnitor in the event plaintiff paid the arbitrator his fee in British pounds, equivalent to US$ 12,140, which payment plaintiff made on December 19, 2007 to the arbitrator.

3

14.    Although plaintiff has fulfilled all conditions precedent and made demand upon defendant for payment, defendant has wrongfully failed to pay any portion of the Arbitration Award.

15.    Under the law of the place where the award was made, being English law, the award is final.

## AS AND FOR A FIRST CAUSE OF ACTION

16.    Plaintiff repeats and re-alleges paragraphs 1 through 8 and 12 through 15 and incorporates them herein by reference as though fully set forth at length.

17.    Plaintiff is entitled to and hereby prays for confirmation of the arbitration award in the amount of US$34,855.36 with respect to damages sustained as a result of the wrongful arrest of the vessel by defendant plus interest in the amount of US$2,355.36 through May, 31, 2008 and accruing thereafter at the rate of US$6.05 per day until June 27, 2008, and for entry of judgment thereon pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION

18.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

19.    Plaintiff is entitled to and hereby prays for confirmation of the arbitration award in the amount of US$12,472.02, being the amount of fees paid to the arbitrator by plaintiff plus interest in the amount of US$332.02 through May, 31, 2008 and accruing thereafter at the rate of US$2.03 per day until June 18, 2008, and for entry of judgment thereon pursuant to the Federal

4

Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## AS AND FOR A THIRD CAUSE OF ACTION

20.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

21.    As a result of defendant's breach of the contract, the arbitrator awarded the plaintiff the additional sum of US$527,305.97 plus interest in the amount of US$62,646.67 as of May 31, 2008 and accruing thereafter at the rate of US$95.95 per day until June 27, 2008, and plaintiff prays for confirmation of the award in the aggregate amount of US$589,952.64 and entry of judgment thereon in accordance with the Court's Admiralty jurisdiction or jurisdiction supplemental to the claims asserted in the First and Second Causes of Action and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

22.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

23.    After due investigation, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendant has, or will have during the pendency of this action, assets, comprising *inter alia,* cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant, or either of them ("assets"), including

5

but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court including, but not limited to, UBS Bank, HSBC (USA), Bank of America, Deutsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon, and/or Standard Chartered Bank, which are believed to be due and owing to the defendant.

24.    The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant and to secure and/or satisfy the plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the defendant citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since the defendant Sea Gull Shipping Co. Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be

served with a copy of the Process of Attachment issued herein, including, but not limited to, UBS Bank, HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon and/or Standard Chartered Bank, which are believed to be due and owing to the defendant Sea Gull Shipping Co. Ltd. in the amount of US$639,635.38 to satisfy and/or secure plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint

      C.     That this Court confirm the arbitration award(Exhibit 1) and enter judgment thereon in the total amount of US$639,635.38 plus interest and costs in favor of Kalafrana Shipping Ltd and against Sea Gull Shipping Co. Ltd. a/k/a Sea Gull Shipping Co. SARL; and

      D.     That the plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
      June 3, 2008

                    MAHONEY & KEANE, LLP
                    *Attorneys for Plaintiff*

                    By
                      Christopher H. Mansuy
                      76 Beaver Street, 10th Floor
                      New York, New York 10005
                      (212) 385-1422
                      Our File: 3593

P:\3593\LEGAL\Verified complaint.DOC

## VERIFICATION

I, Marc Nicholas Sturzenegger, declare and state that I am the Director of Legal Services for Bayside Services SA, a Swiss company carrying on business as maritime consultants located in Nyon Switzerland, which was engaged by plaintiff Kalafrana Shipping Ltd., a Maltese corporation, to prosecute Kalafrana's claim against Sea Gull Shipping Co. Ltd arising out of Sea Gull's breach of a contract involving the sale of the M/V ASSIL in 2006 and subsequent wrongful arrest of the vessel by Sea Gull in the port of Trieste in April, 2007, which claims were submitted to an arbitration tribunal in London which rendered an award in favor of Kalafrana Shipping Ltd. I am fully familiar with the facts of the claims asserted in this complaint by virtue of my active participation in conducting the successful arbitration on behalf of plaintiff Kalafrana Shipping Ltd. I have reviewed the foregoing Verified Complaint. I know of my own knowledge that the allegations are true, except as to matters stated on information and belief and as to those matters, I believe them to be true. The reason that this Verification is not made by the plaintiff itself is that the plaintiff is a corporation.

I declare that the foregoing statements made by me are true and correct under penalty of perjury of the laws of the United States of America.

Executed:    Nyon, Switzerland
             June 3, 2008

_____
MARC STURZENEGGER

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

KALAFRANA SHIPPING LTD,

**SUMMONS IN A CIVIL ACTION**

V.

SEA GULL SHIPPING CO. LTD. a/k/aSea Gull
Shipping Co. SARL

CASE NUMBER:    08 -

08  CIV  5299

TO: (Name and address of Defendant)

> Sea Gull Shipping Co. Ltd.
> Riad El Solok Street
> 1st Floor, Bizri Bldg
> behind jammal bank
> Saida, Lebanon

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Mahoney & Keane, LLP
> 76 Beaver Street, 10th Floor
> New York, New York   10005

an answer to the complaint which is served on you with this summons, within _____ 20 ~~30~~ _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                              JUN 1 0 2008

_____       _____
CLERK                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                                    *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                                        Plaintiff,                    08 Civ. 5299 (SAS)

                - against -

                                                           PROCESS OF MARITIME
SEA GULL SHIPPING CO., LTD, a/k/a Sea Gull                  ATTACHMENT AND
Shipping Co. SARL,                                         GARNISHMENT

                                        Defendant.
------------------------------------------------------X

The President of the United States to:

The Marshal of the Southern District of New York Greeting:

    **WHEREAS**, a Verified Complaint has been filed in the United States District Court for
the Southern District of New York, on June     , 2008, by KALAFRANA SHIPPING LTD,
Plaintiff, against SEA GULL SHIPPING CO., LTD, a/k/a Sea Gull Shipping Co. SARL,
Defendant, and owner of various accounts in an action for damages for breach of a charter
agreement, in the amount of **$639,635.38** and praying that process may issue in due form of law
and according to the practice of this Court against Defendant and for the attachment of the goods
and chattels of said Defendant;

    **NOW**, therefore, we do hereby empower and strictly charge and command you, the said
Marshal, to cite and admonish the said Defendant, and that if the said Defendant cannot be found
in the Southern District of New York, that you attach Defendant's goods and chattels in said
District to the amount sued for; and if no goods and chattels can be found, that you attach
Defendant's debt, credits and effects, to the amount sued for, in the hands of garnishees named in
the Complaint, specifically including the following:

Standard Chartered Bank          Bank of America
1 Madison Avenue                 c/o Zeichner Ellman & Krause, LLP    HSBC Bank USA N.A.
New York, NY 10010-3603          575 Lexington Ave.                   120 Broadway
                                 New York, NY 10022                   New York, NY 10271

The Bank of New York             Deutsche Bank A.G.
Mellon                           60 Wall Street                       J.P. Morgan Chase
120 Broadway, 19th Flr.          New York, New York 10005             1 Chase Manhattan Plaza
New York, NY 10286                                                    20th Floor
                                                                      New York, NY 10007

Wachovia Bank N.A.               Citi Bank
1755 Broadway                    Corporate Litigation for International  American Express Bank
New York, NY 10019               Operations                           c/o Zeichner Ellman &
                                                                      Krause, LLP

UBS
299 Park Avenue
New York, NY

1 Court Square
Long Island City, NY 11101

575 Lexington Ave.
New York, NY   10022

You are also directed to notify the above garnishees, that:

(1).    An attachment has been commenced against the Defendant;

(2).    The garnishees are required to file in the office of the Clerk of the United States District Court for the Southern District of New York within twenty (20) days from the service of this Writ, a report, under oath, setting forth in detail all debts owing by the garnishees to the Defendant; all property of the Defendant in the possession, custody or control of the garnishees or to which the garnishees hold legal title; all property which is held by the garnishees as fiduciary in which the Defendant has an interest; and whether any property attached is immune or exempt from attachment; and

(3).    The garnishees are enjoined from paying any debt to or for the account of Defendant, and from delivering any property owned by the Defendant to or for the account of the Defendants or otherwise disposing thereof;

(4).    The garnishees are required to promptly forward a copy of this Writ to the Defendant.

**PLEASE TAKE NOTICE** that if the property of the Defendant is found in the possession of anyone not a garnishee, you are directed to notify him that he has been added as a garnishee, is directed to file a report, and is enjoined as above stated.

Amount of Plaintiff's claim: $639,635.38

WITNESS, the Honorable Kimba M. Wood, Chief United States District Judge of said Court, this 10 day of June, 2008, and of our Independence the two-hundred and thirty-second year.

Clerk    **J. MICHAEL McMAHON**

By: _____
Deputy Clerk

NOTE:    This process is issued pursuant to Rule B (1) of the Supplemental Rules for certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

CERTIFIED AS A TRUE COPY ON

THIS DATE 06/16.08

BY _____ Clerk
Deputy

2

3593

*SCHEINDLIN*

MAHONEY & KEANE, LLP
76 Beaver Street, 10th Floor
New York, New York 10005
(212) 385-1422

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                                        Plaintiff,

                    - against -

SEA GULL SHIPPING CO., LTD, a/k/a Sea Gull
Shipping Co. SARL,

                                        Defendant.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06-10-08

08 Civ. *5299845*

***EXPARTE* ORDER
FOR PROCESS OF
MARITIME ATTACHMENT**

WHEREAS on June    , 2008, Plaintiff KALAFRANA SHIPPING LTD filed a Verified Complaint herein against Defendant SEA GULL SHIPPING CO. LTD., a/k/a Sea Gull Shipping Co. SARL for damages in the amount of $639,635.38 and prayed for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and

WHEREAS the Process of Maritime Attachment and Garnishment would command the United States Marshal or other designated process server attach any and all of Defendant's property within the District of this Court; and

WHEREAS the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendant SEA GULL

SHIPPING CO. LTD., a/k/a Sea Gull Shipping Co. SARL, by any garnishees within this District, including but not limited to American Express Bank, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank and UBS, in the amount of $639,635.38 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to this Court, be entitled to a prompt hearing at which Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted, and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court, and it is further

ORDERED that following initial service by the United Stated Marshal or other designated process served upon such garnishee, that supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to each garnishee and that such garnishee personally served shall furnish to Plaintiff's counsel, the U.S. Marshal or designated process server a facsimile number or e-mail address to which supplemental and/or subsequent services may be made and other verifiable electronic means, including e-mail, if transmitted from within the District, shall be deemed to have been made within the district; and it is further

ORDERED that service on any garnishee as described above is deemed effective continuous services throughout the day from the time of each service through the opening of the garnishee's business the next business day, and it is further

2

ORDERED that, pursuant to Federal Rule of Civil Procedure (5(b)(2)(D), each garnishee may consent to accept service by any other means, and it is further

ORDERED that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

NOW, on reading and filing the Affidavit of Christopher H. Mansuy sworn to on June 5, 2008, and good cause having been shown, it is hereby

FURTHER ORDERED, that Christopher H. Mansuy, Edward A. Keane, Cornelius A. Mahoney, Garth S. Wolfson, Jorge A. Rodriguez, Marie Cush, or any other partner, associate, paralegal or other agent of MAHONEY & KEANE, LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with any interrogatories, upon garnishee(s) American Express Bank, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank and UBS, together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff) may hold assets of, for, or on behalf of Defendant, SEA GULL SHIPPING CO. LTD.

Dated: New York, New York
       June 10, 2008

                                        _____
                                                    U.S.D.J.

P:\3593\LEGAL\Ex Parte Order for Process.DOC

                                        CERTIFIED AS A TRUE COPY ON

                                        THIS DATE _06·10·08_

                                        BY _____
                                                    ( ) Clerk
                                                    ( ) Deputy

3

# R A W L E & H E N D E R S O N LLP



THE NATION'S OLDEST LAW OFFICES
ESTABLISHED 1783

WWW.RAWLE.COM

CARL D. BUCHHOLZ, III
215-575-4235
CBUCHHOLZ@RAWLE.COM

KEVIN L. MCGEE
215-575-4431
KMCGEE@RAWLE.COM

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

June 16, 2008

*Via Email: cmansuy@mahoneykeane.com*
Christopher H. Mansuy, Esquire
Mahoney & Keane, LLP
111 Broadway – 10th Floor
New York, NY 10006

Re:    **Kalafrana Shipping Ltd. v. Sea Gull Shipping Co. Ltd. a/k/a Sea Gull Shipping Co. SARL**
       **Docket No.: SDNY: 08-5299**
       **Our File No.: 444,218-685**

Dear Mr. Mansuy:

This will confirm that, pursuant to a Writ of Maritime Attachment served by you on JPMorgan Chase on behalf of Kalafrana Shipping Ltd., funds in the amounts of $119,265.68 and $545.00, totaling $119,810.68, being wire transferred from Sea Gull Shipping Co. SARL, were restrained on June 13, 2008.

Pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York, please notify defendant of the restraint of these funds and provide the undersigned with confirmation of the notification.

Please call if you have any questions concerning the restrained funds.

Very truly yours,

RAWLE & HENDERSON LLP

By:    Carl D. Buchholz, III
       Kevin L. McGee
CDB/KLM/sam
cc:    Mr. Norberto B. Bonga - **Email:** Norberto.B.Bonga@jpmchase.com
       Ms. Johnette Reid - **Email:** Johnette.Reid@jpmchase.com
       Ms. Teresa Goldberg, Esquire – **Via Email:** Teresa.j.Goldberg@chase.com

2444309-1

**EXHIBIT B**

علم وخبر تبليغ

دائرة الكاتب بالعدل في بيروت  وكيل إدس

مكتب الاستاذ غسان بزي

---

طالب التبليغ : / KALAFRANA SHIPPING

المطلوب ابلاغه : شركة / SEA GULL SHIPP

نوع الاوراق  :

تاريخ الاوراق :

رقم الاوراق  :

تبلغت واستلمت نسخة عن الاوراق المرسلة من جانب الكاتب
بالعدل في بيروت الاستاذ على المبين نوعها وتاريخها
وتاريخها وعدده واشعار باستلامها هذا الوصل

SEA GULL SHIPP

**EXHIBIT C**

**EXHIBIT C**
**TRANSLATION**

**EXHIBIT A**

No. 4305/2008

*BAROUDI & ASSOCIATES*
*Law Firm*

*Raymond Edde (1914-2000)*
*Samir Baroudi*
*Jean Baroudi*
*Richard Nader*
*Josiane Lahoud*
*Charlotte Chemaly*
*Roula Fares*
*Maher Mrad*
*Samir Safa*
*Sandra Mehanna*
*Nadim El-Hajj*
*Nisrine Ayyoub*
*Rita Ghanem*

Beirut, on 24/06/2008

**Letter sent through the Notary Public of Beirut**
**To SEA GULL SHIPPING CO. Ltd**
**Represented by its Authorized Signatory**
**Or any of its Employees**

**Saïda- Wastani**

Sirs,

**Subject- The dispute over the execution of the MOA dated 04/05/2006 concluded between KALAFRANA SHIPPING LTD and SEA GULL SHIPPING CO. Ltd.**

On behalf of KALAFRANA SHIPPING LTD, which we represent in accordance with a general power of attorney, and further to the letters previously sent to you with regard to the subject above, we hereby inform you that our client has initiated judicial proceedings in the United States of America in order to recover the amounts awarded to it in accordance with the arbitration award rendered by the arbitrator, Mr. Christopher Fyans, on 14/12/2007, as amended on 11/01/2008.

As a result of these proceedings, a garnishment was ordered on 10/06/2008 over the amounts held by SEA GULL SHIPPING CO. Ltd with some banks.

Following this decision, JPMorgan Chase imposed a garnishment over the amount of US$ 119,810.68 (One Hundred Nineteen Thousand Eight Hundred and Ten American Dollars and Sixty-Eight Cents) belonging to you.

You may find enclosed copies of the following documents:

1- A copy of the verified complaint filed by the counsel of KALAFRANA SHIPPING LTD, Mahoney & Keane, LLP, before the United States District Court Southern District of New York, on 03/06/2008, which consists of seven pages, along with an addendum of one page (**Appendix No. 1**).

2- A copy of the summons in a civil action, dated 10/06/2008 sent to SEA GULL SHIPPING CO. Ltd and ordering the latter to present its defense within the scope of the complaint lodged against it by KALAFRANA SHIPPING LTD within twenty days as of its notification. The said writ of summons consists of two pages (**Appendix No. 2**).

3- A copy of the garnishment order over the amounts held by SEA GULL SHIPPING CO. Ltd with some banks rendered by the United States District Court Southern District of New York on 10/06/2008 and which consists of two pages (**Appendix No. 3**).

4- A copy of the order rendered by the United States District Court Southern District of New York on 10/06/2008 which requested Mahoney & Keane, LLP to notify the banks mentioned in the attachment order and all of the parties holding any amounts reverting to SEA GULL SHIPPING CO. Ltd. This order consists of three pages (**Appendix No. 4**).

5- A copy of the letter sent by the counsel of JPMorgan Chase to the counsel of KALAFRANA SHIPPING Ltd in order to inform him that the aforementioned bank imposed a garnishment on 13/06/2008 over the amount of US$ 119,810.68 (One Hundred Nineteen Thousand Eight Hundred and Ten American Dollars and Sixty-Eight Cents) belonging to SEA GULL SHIPPING CO. Ltd. This letter is dated 16/06/2008 and consists of one page (**Appendix No. 5**).

Therefore, you are kindly requested to take note of the foregoing.

    Sincerely yours,
    By proxy,
    *(Signed)*
    Lawyer Jean Baroudi

**No. 4305/2008:**

Seen for the legalization of the signature of Lawyer Jean Baroudi, Lebanese lawyer personally known by me, enjoying civil and legal capacity, acting in the abovementioned capacity, who signed the letter above before me, Ghassan Bezzi, notary public of Beirut, after it was read to him and after he approved its content of his own free will on Thursday, June twenty-six, two thousand and eight.

The notary public of Beirut, Ghassan Bezzi

*Follow the seal and signature of the notary public*

*Follow the handwritten paragraphs:*

*"On Tuesday, July first, 2008, at 10h00 a.m., the requested documents were served upon SEA GULL SHIPPING, through the company manager, Mohammad Ghaddar, who received a copy of the said documents and affixed his signature.*
*01/07/2008"*
(signature of bailiff)

*"With full reservations,*
*01/07/2008*
*Mohammad Ghaddar (signature)"*

3

<u>EXHIBIT B</u>

**Formal Acknowledgment of Service**

*Office of the Notary Public of Beirut*
*Ghassan Bezzi*
-----------

**The party requesting service:** KALAFRANA SHIPPING, having as counsel Lawyer Jean Baroudi.
**The party to be served:** SEA GULL SHIPPING, Saïda.
**The documents to be served:** Letter with 5 appendices.
**Date of documents:** 26/06/2008.
**Documents No.:** 4305/2008.

           I received a copy of the documents sent by the Notary Public of Beirut which type, number and date are shown hereinabove and signed the present deed to acknowledge receipt.

*Follows the handwritten paragraphs:*

*"On Tuesday, July first, 2008, at 10h00 a.m., the requested documents were served upon SEA GULL SHIPPING, through the company manager, Mohammad Ghaddar, who received a copy of the said documents and affixed his signature.*
*01/07/2008"*
(signed by the bailiff)

*"With full reservations,*
*01/07/2008*
*Mohammad Ghaddar(signature)"*

*Follows the seal of the Lebanese Ministry of Justice.*

4

*To the Head of the Bailiffs' Office of Saïda:*
*You are kindly requested to order the necessary service.*
*(Signed)*
*June 30, 2008*

*Follows the seal of the notary public of Beirut.*

*Seal of the Bailiff's Office of Saïda*
*No. 626*
*01/07/2008*

*To the Notary Public of Beirut, Ghassan Bezzi:*
*Attached herewith is a copy of the acknowledgment of service.*

*Saïda, on 01/07/2008.*
*(Signed)*

*Follows the seal of the Lebanese Ministry of Justice.*

Viewed
05/07/2008
(Signed)
Follows the seal of the Notary Public in Beirut