Francesca Morris
Harmony I. Loube
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010
E-mail:  francesca.morris@hklaw.com
         harmony.loube@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALAFRANA SHIPPING LTD.,<br><br>                Plaintiff,<br><br>-against-<br><br>SEA GULL SHIPPING CO. LTD.,<br><br>                Defendant. | 08 Civ. 5299 (SAS)<br><br>**ANSWER AND COUNTER-CLAIM** |

Defendant, Sea Gull Shipping Co., Ltd. ("Sea Gull" or "Defendant"), by and through its attorneys, Holland & Knight LLP, making its restricted appearance under Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (the "Admiralty Rules"), as and for its Answer to the Verified Complaint of Plaintiff Kalafrana Shipping Ltd. ("Kalafrana" or "Plaintiff"), respectfully responds on information and belief, as follows:

      1.     Denies that Plaintiff Kalafrana's claims arising under a Memorandum of Agreement on Saleform 1993, dated May 4, 2006 for sale of a vessel (the "Sales Contract"), are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, denies that this Honorable Court has jurisdiction over Defendant, denies that this

1

Court should exercise supplemental jurisdiction, but admits the remainder of the allegations set forth in paragraph 1 of the Complaint.

2. Denies that venue is proper, but admits the remainder of the allegations set forth in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of Plaintiff's Verified Complaint.

4. Admits the allegations contained in paragraph 4 of Plaintiff's Verified Complaint.

5. Admits the allegations set forth in paragraph 5 of the Verified Complaint.

6. Denies that Sea Gull did not perform its obligations under the Sales Contract, denies knowledge and information sufficient to form a belief as to the acts or omissions of Defendant except to state that on information and belief Plaintiff purchased the vessel from the registered owner, admits that disputes arose between Plaintiff and Defendant and that Defendant arrested the vessel, but except as so admitted denies the allegations set forth in paragraph 6 of the Verified Complaint. Kalafrana terminated or breached the Sales Contract by purchasing the Vessel from the registered owner.

7. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 7 of the Verified Complaint.

8. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8 of the Verified Complaint.

9. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9 of the Verified Complaint.

10. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10 of the Verified Complaint.

11. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 of the Verified Complaint but admits that Defendant has a claim for bunker fuel and lube oil.

12. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 of the Verified Complaint but denies that plaintiff is entitled to interest on an arbitration award.

13. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13 of the Verified Complaint.

14. Denies the allegations set forth in paragraph 14 of the Verified Complaint and denies that Plaintiff is entitled to payment by Defendant of an arbitration award.

15. Paragraph 15 is a statement of law and requires no response. To the extent a response is required, Defendant denies the allegations set forth in paragraph 15 of the Verified Complaint.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

16. Defendant repeats and realleges the previous answers to paragraphs 1 through 8 and 12 through 15 as if set forth herein at length.

17. Denies the allegations set forth in paragraph 17 of the Verified Complaint.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

18. Defendant repeats and realleges each and every one of the previous answers to the Plaintiff's allegations as if set forth herein at length.

19. Denies the allegations set forth in paragraph 19 of the Verified Complaint.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

20. Defendant repeats and realleges each and every one of the previous answers to the Plaintiff's allegations as if set forth herein at length.

21. Denies the allegations set forth in paragraph 21 of the Verified Complaint.

## PLAINTIFF'S APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

22. Defendant repeats and realleges each and every one of the previous answers to the Plaintiff's allegations as if set forth herein at length.

23. Admits that the Defendant cannot be found within the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and that a garnishee bank in this District has attached monies in connection with this action, but denies the remainder of the allegations contained in paragraph 23 of Plaintiff's Verified Complaint.

24. Admits that Plaintiff sought an Order from the Court, but denies the remainder of the allegations contained in paragraph 24 of Plaintiff's Verified Complaint.

25. Denies that Plaintiff is entitled to any of the relief claimed in the *ad damnum* paragraphs of the Verified Complaint.

## FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT SEA GULL STATES:

26. The Complaint fails to state a cause of action upon which relief may be granted.

27. Sea Gull is not liable to Kalafrana on the causes of action alleged in the Complaint.

28. The arbitration award Plaintiff seeks to confirm is not enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

29. Kalafrana's claims for relief are not admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

30. This Court should not exercise supplemental jurisdiction over Kalafrana's claims.

31. This Court lacks jurisdiction over the person of Sea Gull which is a foreign corporation not doing business in New York.

32. This Court lacks personal jurisdiction over Sea Gull because Kalafrana has improperly and/or insufficiently served process on Sea Gull.

33. This Court lacks *quasi in rem* jurisdiction over Sea Gull.

34. Kalafrana's claims are barred by the equitable doctrines of unclean hands and estoppel.

35. Kalafrana's claims are barred or reduced by the doctrine of setoff.

36. Kalafrana is liable for culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

37. Kalafrana's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

38. Kalafrana has failed to mitigate its damages.

39. Kalafrana will be unjustly enriched if allowed to recover against Sea Gull on the claims alleged in the Complaint.

40. If Kalafrana sustained any economic loss or damage, such loss and damage was caused or contributed to in whole or in part by Kalafrana's or it's agent's own negligent or reckless acts or omissions.

41. This Answer is made without waiver of any of Sea Gull's jurisdictional defenses or rights to arbitrate that may exist or may be found to exist between or among the parties.

## AS AND FOR A FIRST COUNTERCLAIM

As for its Counterclaim against Plaintiff, Defendant Sea Gull alleges as follows:

42. Sea Gull owned bunker fuel and lube oil that remained on board the M/V ASSIL (the "Vessel") during the time that the Vessel was owned and operated by Plaintiff, and the bunker fuel and lube oil were not returned to Sea Gull.

43. Plaintiff owned and operated the Vessel, which consumed the bunker fuel and lube oil.

44. Plaintiff owes Sea Gull for the value of the bunker fuel and lube oil in the amount of $79,113.40. A true and correct copy of the invoice for the bunker fuel and lube oil, dated June 13, 2006, is attached as Exhibit A.

45. Despite repeated demands, Plaintiff has failed to pay Sea Gull the monies it owes for the bunker fuel and lube oil.

## AS AND FOR A SECOND COUNTERCLAIM

46. Plaintiff took wrongful and unlawful possession of Defendant's bunker fuel and lube oil on board the Vessel.

47. Defendant demanded payment for or return of the bunker fuel and lube oil on board the Vessel but Plaintiff has neither paid for nor returned the bunker fuel and lube oil.

48. Plaintiff owned and operated the Vessel that consumed the bunker fuel and lube oil and is liable to Defendant for conversion.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant Sea Gull Shipping Co. Ltd. respectfully requests that this Court

1. Dismiss the Plaintiff's Verified Complaint against the Defendant with prejudice; and

2. Grant Sea Gull's counterclaim for the value of the bunker fuel and lube oil; and

3. Grant Sea Gull's counterclaim for damages for Plaintiff's conversion of Sea Gull's bunkers fuel and lube oil; and

4. Hold that Plaintiff is liable for pre-judgment and post-judgment interest; and

5. Grant Sea Gull such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 25, 2008

                        HOLLAND & KNIGHT LLP

                        By: _____
                            Francesca Morris
                            Harmony I. Loube
                            195 Broadway
                            New York, New York 10007-3189
                            Tel: (212) 513-3200
                            Fax: (212) 385-9010
                         *Attorneys for Defendants*
                         *Sea Gull Shipping Co., Ltd.*

To:   Christopher H. Mansuy
      Mahoney & Keane, LLP
      76 Beaver Street, 10th Floor
      New York, New York 10005
      Tel: (212) 385-1422
      *Attorneys for Plaintiffs*
      *Kalafrana Shipping Ltd.*

# 5496829_v4

# EXHIBIT A



449

# Sea Gull Shipping Co. Ltd.
Shipping & Forwarding Agents

## INVOICE

| | |
|---|---|
| NO: | JU0113/06 |
| DATE: | 13/06/2006 |
| CURRENCY: | US DOLLARS |
| S.I.M: | |
| Wh.: | |

M/S    KALAFRANA SHIPPING
       C/O A&M V ASSOCIATES
       MERCURY HOUSE
       125, OLD MINT STREET
       VALLETTA VLT 12
       MALTA

| DESCRIPTION | UNIT | QTY | PRICE | DISCOUNT | AMOUNT |
|---|---|---|---|---|---|
| M/V ASSIL | | | | | |
| BUNKER ON BOARD | | | | | |
| ON 13/06/2006 | | | | | |
| FUEL OIL | MTN | 152.70 | 372.00 | 0.00 | 56,804.40 |
| DIESEL OIL | MTN | 32.00 | 662.00 | 0.00 | 21,184.00 |
| LUBOIL (600 LTRS) | DRM | 3.00 | 375.00 | 0.00 | 1,125.00 |

OUR BANK A/C DETAILS IN ITALY:

| | |
|---|---|
| BANK: | BANCA INTESA SPA |
| BRANCH | MARINA DI CARRARA |
| SWIFT | BCITITMM110 |
| ABI | 03069 |
| CAB | 24501 |
| IBAN | IT49 Z030 6924 5010 0700 0002 691 |
| C/C USD NR.: | 700002691 |
| TO FAVOUR: | SEAGULL SHIPPING CO. LTD |

PLEASE SEND US A COPY OF SWIFT MESSAGE BY FAX.

THE AMOUNT OF SEVENTY NINE THOUSAND ONE HUNDRED THIRTEEN & 40/-
USD ONLY

| | |
|---|---|
| NET TOTAL | 79,113.40 |
| DISCOUNT | 0.00 |
| NET TOTAL | 79,113.40 |

www.scantopdf.eu