**MAHONEY & KEANE, LLP**
76 Beaver Street, 10th Floor
New York, New York 10005
(212) 385-1422

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                            Plaintiff,                  **08 Civ. 5299 (SAS)**

        - against -

SEA GULL SHIPPING CO. LTD, a/k/a Sea Gull      **NOTICE OF CROSS MOTION**
Shipping Co. SARL                                     **TO AMEND COMPLAINT AND**
                                                               **ORDER OF ATTACHMENT**
                            Defendant.
-------------------------------------------------------------X

**SIRS:**

      **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 15(a), the undersigned with move this Court before the Honorable Shira A. Scheindlin in courtroom 15C, United States Courthouse, 500 Pearl Street, New York, New York, upon the accompanying Declaration of Marc Sturzenegger executed the 20th day of August, 2008, the Exhibit annexed thereto, the accompanying Memorandum of Law, the proposed Amended Complaint and proposed Order of Attachment attached hereto as Exhibits B and C respectively and the Rule III B exchange of correspondence between counsel as Exhibit D for an Order granting leave to plaintiff to amend the original Verified Complaint and

leave to file the Amended Complaint in the form of Exhibit C hereto and for such other and further relief as to the Court may see just and proper.

Dated: New York, New York
      August 21, 2008

MAHONEY & KEANE, LLP
*Attorneys for Plaintiff*

By: _____
Christopher H. Mansuy
76 Beaver Street, 10th Floor
New York, New York 10005
(212) 385-1422

P:\3593\LEGAL\Notice of cross Motion to Amend Complaint.doc

TO:   Holland & Knight
       195 Broadway
       New York, New York
       Attention: Francesca Morris, Esq.

2

3593

**MAHONEY & KEANE, LLP**
76 Beaver Street, 10th Floor
New York, New York  10005
(212) 385-1422

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                           Plaintiff,

  - against -

SEA GULL SHIPPING  CO. LTD, a/k/a Sea Gull
Shipping Co. SARL

                          Defendant.
------------------------------------------------------------X

*Proposed*

**08 Civ.  5299 (SAS)**

**AMENDED
VERIFIED COMPLAINT,
PETITION
AND RULE B ATTACHMENT**

Plaintiff KALAFRANA SHIPPING LTD by its attorneys, Mahoney & Keane, LLP., as and for its Amended Verified Complaint against Defendant SEA GULL SHIPPING CO. Ltd., a/k/a Sea Gull Shipping Co. SARL alleges upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.  This Honorable Court's Supplemental Jurisdiction is also invoked pursuant to 28 U.S.C. § 1367 as set forth more fully hereinafter.

2.    Venue is proper under 28 U.S.C. §§ 1391(d) because Defendant Sea Gull Shipping Co. Ltd. (hereafter referred to as "defendant" or "Sea Gull") is an  alien.

3.    At and during all times hereinafter mentioned, Plaintiff Kalafrana Shipping Ltd (hereinafter referred to as "plaintiff" or "Kalafrana") was, and still is, a corporation organized and existing under and by virtue of the laws of the Republic of Malta with a principal place of



business located at Mercury House, 125 Old Mint Street, Valletta, VLT 12, Malta, and was and is engaged in the business of owning and/or operating vessels for profit in world wide trade.

4. Upon information and belief, Defendant Sea Gull is a corporation or other business entity incorporated under the laws of the Lebanese Republic with an office and place of business located at Riad El Soloh Street, 1st Floor, Bizri Building, behind Jammal Bank, Saida, Lebanon. At all times hereinafter mentioned, Sea Gull was engaged, *inter alia,* in the business of owning, operating and chartering vessels.

5. On or about May 4, 2006 plaintiff and defendant entered into an agreement (hereinafter referred to as the "Sale Agreement") whereby defendant would sell the ro-ro Motor Vessel ASSIL to plaintiff under certain terms and conditions including, but not limited to, the parties' agreement that all disputes would be submitted to arbitration at London under the auspices of the London Maritime Arbitrators' Association.

6. Thereafter, defendant did not perform its obligations under the Sale Agreement , plaintiff purchased the vessel from a third party and numerous disputes ensued between plaintiff and defendant involving the value of bunker fuel and lube oil aboard the vessel on or about June 16, 2006, the responsibility for the cost of effecting engine and other repairs necessary for the vessel to satisfy Classification Society requirements, certain bottom cleaning and class inspection costs, certain crew subsistence and repatriation expenses, certain engine serviceman fees, certain vessel agency and husbanding fees incurred by defendant at the Port of Genoa, Italy and paid by plaintiff, and the wrongful arrest of the vessel by defendant at the Port of Trieste, Italy during the period April 4 through April 6, 2007, whereupon substitute security was arranged by plaintiff and the vessel was released but the prosecution of the complaint continues wrongfully to be prosecuted by defendant in the Italian Court.

7. The parties' disputes were submitted to an arbitration tribunal consisting of sole arbitrator Christopher Fyans who rendered a final award on December 14, 2007, as subsequently corrected as to the content of one paragraph on January 11, 2008. A copy of the award, reasons for the award and correction to the award is annexed hereto as Exhibit 1.

8. The arbitrator awarded to plaintiff the sum of $34,855.36 for damages incurred by plaintiff as a result of the aforesaid wrongful arrest of the vessel by defendant at Trieste.

9. The arbitrator awarded to plaintiff the sum of $509,350 necessarily expended to repair the vessel's engines and other equipment and systems to satisfy Classification Society requirements.

10. The arbitrator awarded to plaintiff the aggregate sum of $97,069.37 for various expenses incurred at the Port of Genoa by defendant and paid by plaintiff.

11. The arbitrator declared that plaintiff was entitled to set off certain of the amounts awarded to it against the sum of $79,113.40 claimed by defendant as the value of bunker fuel and lube oil.

12. The arbitrator also awarded to plaintiff compound interest on certain sums at the rate of 6.4% per annum calculated to be $49,212.29 up to December 14, 2007 totaling, along with the other net sums awarded as referred to in paragraphs 8 through 11, $611,373.62, which total sum earned interest at the rate of 6.0% per annum from December 28, 2007 in accordance with paragraph E of the Award (pp. 5-6) thus totaling $629,955.81 as of June 27, 2008 and thereafter at the rate of $103.55 per day up to September 27, 2008 when the accrued interest will be compounded and daily rate recalculated based upon the new principal.

13. The arbitrator awarded to plaintiff its reasonable costs of the arbitration, which were unliquidated at the time of the preparation of the original complaint but which have been

computed to SFr 105,664.20, equivalent to $100,632.57 and will be referred to arbitrator at London for assessment and award, and also assessed the arbitrator's costs against defendant as the primary obligor or as indemnitor in the event plaintiff paid the arbitrator his fee in British pounds, equivalent to $ 12,140, which payment plaintiff made on December 19, 2007 to the arbitrator.

14. Although plaintiff has fulfilled all conditions precedent and made demand upon defendant for payment, defendant has wrongfully failed to pay any portion of the amounts set forth in the Arbitration Award or the arbitrator's fee.

15. Under the law of the place where the award was made, being English law, the award is final.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats and re-alleges paragraphs 1 through 8 and 12 through 15 and incorporates them herein by reference as though fully set forth at length.

17. Plaintiff is entitled to and hereby prays for confirmation of the arbitration award in the amount of $34,855.36 with respect to damages sustained as a result of the wrongful arrest of the vessel by defendant, plus interest in the amount of $2,521.04 through June 27, 2008, and accruing thereafter at the rate of $6.14 per day until September 27, 2008, and for entry of judgment thereon pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

19. Defendant SEAGULL SHIPPING COMPANY LTD continues wrongfully to prosecute its claim in the Tribunale di Massa, Italy, being a claim against plaintiff *in personam* and the M/V ASSIL *in rem* for which substitute security has been posted by Deutsche Bank SpA at the request and expense of plaintiff in order to free the vessel from arrest. As a result of these unlawful proceedings plaintiff has incurred additional legal fees and disbursements amounting to Euro 15,121.87, equivalent to $25,404.74, billed by Studio Legale Berlingieri for services rendered between October 5, 2007 and August 7, 2008, and who anticipates that a further EURO 5,000 ($8,000) in legal fees and costs will be incurred by plaintiff as a defendant in the Italian legal proceedings. In addition, plaintiff has incurred SFr 16,895.35 ($16,090.81) for legal fees and services in respect of work carried out by Bayside Services SA in Switzerland in connection principally with efforts to recover the security posted through Deutsche Bank SpA, and which anticipates that a further SFr 9,600 ($9,140) for legal services will be incurred by plaintiff in this connection. These proceedings in Italy by defendant SEAGULL SHIPPING COMPANY LTD have already been adjudged wrongful by the London Arbitration Tribunal and the legal costs incurred in connection with such proceedings since the date of the award are about to be or will be presented to an Arbitration Tribunal for an award totaling $41,495.55 as referred to above.

## AS AND FOR A THIRD CAUSE OF ACTION

20.     Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

21.     Plaintiff is entitled to and hereby prays for confirmation of the arbitration award in the amount of $12,140, being the amount of fees paid to the arbitrator by plaintiff, plus interest in the amount of $368.99 through June 18, 2008, and accruing thereafter at the rate of $2.06 per day until September 18, 2008, and for entry of judgment thereon pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. and/or the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq*.

## AS AND FOR A FOURTH CAUSE OF ACTION

22.     Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

23      As a result of defendant's breach of the warranties contained in clauses 11 and 17 of the contract, the arbitrator awarded plaintiff the additional sum of $430,236.60 (being $509,350 after netting off $79,113.40 for bunkers and lube oils due to defendant), plus interest in the amount of $47,373.19 as of June 27, 2008, and accruing thereafter at the rate of $78.51 per day until September 27, 2008, and plaintiff prays for confirmation of the award in the aggregate amount and entry of judgment thereon in accordance with the Court's Admiralty jurisdiction or jurisdiction supplemental to the claims asserted in the First and Second Causes of Action and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. and the Convention

on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq*.

### AS AND FOR A FIFTH CAUSE OF ACTION

24   Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

25   As a result of defendant's failure to pay plaintiff amounts approved in respect of maritime expenses incurred by plaintiff at the port of Genoa for the account of defendant, the arbitrator awarded plaintiff the additional sum of $97,069.37, plus interest in the amount of $11,500.85 as of June 27, 2008, and accruing thereafter at the rate of $17.85 per day until September 27, 2008, and plaintiff prays for confirmation of the award in the aggregate amount and entry of judgment thereon in accordance with the Court's Admiralty jurisdiction or jurisdiction supplemental to the claims asserted in the First and Second Causes of Action and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 202 *et seq*.

### AS AND FOR A SIXTH CAUSE OF ACTION

26   Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

27.   In the December 14, 2007 Arbitration Award, the arbitrator awarded to plaintiff the costs of arbitration. The costs of arbitration have been calculated to total SFr 105,664.20 ($100,632.57) incurred in the form of legal fees and out of pocket disbursements in prosecuting

the claim against defendant SEAGULL SHIPPING COMPANY LTD. These costs may be allocated to: costs unique to the prosecution of the claims for breach of warranties as to the vessel's condition contained in the Sale Contract in the amount of $36,235.70; costs unique to the prosecution of claims for expenses incurred by defendant at Genoa and paid by plaintiff for defendant's account and with its approval relating to class inspection, bottom cleaning, repair, port charges, crew accommodation and repatriation, spare parts and other husbanding expenses in the amount of $13,430.01; costs unique to the prosecution of wrongful arrest claim in the amount of $12,756.43; and costs common to the prosecution of all the above claims in the amount $38,210.43; which total claim is about to be referred to an arbitration tribunal under the auspices of the London Maritime Arbitrator's Association for evaluation, assessment and award.

**APPLICATION FOR ISSUANCE
OF A RULE B ATTACHMENT**

26. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

27. After due investigation, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendant has, or will have during the pendency of this action, assets, comprising *inter alia,* cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant, or either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court

including, but not limited to, UBS Bank, HSBC (USA), Bank of America, Deutsche Bank, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon, and/or Standard Chartered Bank, which are believed to be due and owing to the defendant.

28.    The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant and to secure and/or satisfy the plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the defendant citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since the defendant Sea Gull Shipping Co. Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendant("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to, UBS Bank, HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon and/or Standard Chartered Bank,

which are believed to be due and owing to the defendant Sea Gull Shipping Co. Ltd. in the amount of US$783,753.74 including interest due as at August 20, 2008 to satisfy and/or secure plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint

   C. That this Court confirm the arbitration award(Exhibit 1) and enter judgment thereon in the full amount of the award including all awarded interest and costs in favor of Kalafrana Shipping Ltd and against Sea Gull Shipping Co. Ltd. a/k/a Sea Gull Shipping Co. SARL; and

   D. That the plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
   August , 2008

            MAHONEY & KEANE, LLP
            *Attorneys for Plaintiff*

            By:_____
              Christopher H. Mansuy
              76 Beaver Street, 10th Floor
              New York, New York 10005
              (212) 385-1422
              Our File: 3593

P:\3593\LEGAL\Verified complaint.DOC

## VERIFICATION

I, Marc Sturzenegger, declare and state that I am the Director of Legal Services for Bayside Services SA, a Swiss company located in Nyon, Switzerland which was hired by plaintiff Kalafrana Shipping Ltd., a Maltese corporation, to prosecute Kalafrana's claim against Sea Gull Shipping Co. Ltd arising out of Sea Gull's breach of a contract involving the sale of the M/V "ASSIL" in 2006 and subsequent wrongful arrest of the vessel by Sea Gull in the port of Trieste, Italy in April, 2007, which claims were submitted to an arbitration tribunal in London, which tribunal rendered an award in favor of Kalafrana Shipping Ltd. I am fully familiar with the facts of the claims asserted in this complaint by virtue of my active participation in conducting the successful arbitration on behalf of plaintiff Kalafrana Shipping Ltd and supervising Kalafrana's defense in the ongoing litigation in Italy and recovering from Sea Gull the amounts that it owes. I have reviewed the foregoing Amended Verified Complaint. I know of my own knowledge that the allegations are true, except as to matters stated on information and belief and as to those matters, I believe them to be true. The reason that this Verification is not made by the plaintiff itself is that the plaintiff is a corporation.

I declare that the foregoing statements made by me are true and correct under penalty of perjury of the laws of the United States of America.

Executed:   Nyon, Switzerland
            August 20, 2008

MARC STURZENEGGER

3593

**MAHONEY & KEANE, LLP**
76 Beaver Street, 10th Floor
New York, New York 10005
(212) 385-1422

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KALAFRANA SHIPPING LTD,

                          Plaintiff,                    08 Civ. 5299 (SAS)

      - against -

                                               AMENDED ORDER
                                                FOR PROCESS OF
SEA GULL SHIPPING CO., LTD, a/k/a Sea Gull       MARITIME ATTACHMENT
Shipping Co. SARL,

                        Defendant.
------------------------------------------------------------X

       WHEREAS on September ___, 2008, Plaintiff KALAFRANA SHIPPING LTD filed an Amended Verified Complaint herein against Defendant SEA GULL SHIPPING CO. LTD., a/k/a Sea Gull Shipping Co. SARL for damages in the amount of $783,753.74 and prayed for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and

       WHEREAS the Process of Maritime Attachment and Garnishment would command the United States Marshal or other designated process server attach any and all of Defendant's property within the District of this Court; and

       WHEREAS the Court has reviewed the Amended Verified Complaint and the Supporting Affidavit of Christopher H. Mansuy sworn to the 5th day of June, 2008 and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendant SEA GULL SHIPPING CO. LTD., a/k/a Sea Gull Shipping Co. SARL, by any garnishees within this District, including but not limited to American Express Bank, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank and UBS, in the amount of $783,753.74 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and it is further

ORDERED that any person claiming an interest in the property attached or garnisheed pursuant to said order shall, upon application to this Court, be entitled to a prompt hearing at which Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted, and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court, and it is further

ORDERED that following initial service by the United Stated Marshal or other designated process served upon such garnishee, that supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to each garnishee and that such garnishee personally served shall furnish to Plaintiff's counsel, the U.S. Marshal or designated process server a facsimile number or e-mail address to which supplemental and/or subsequent services may be made and other verifiable electronic means, including e-mail, if transmitted from within the District, shall be deemed to have been made within the district; and it is further

ORDERED that service on any garnishee as described above is deemed effective continuous services throughout the day from the time of each service through the opening of the garnishee's business the next business day, and it is further

ORDERED that, pursuant to Federal Rule of Civil Procedure (5(b)(2)(D), each garnishee may consent to accept service by any other means, and it is further

ORDERED that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

NOW, on reading and filing the Affidavit of Christopher H. Mansuy sworn to on June 5, 2008, and good cause having been shown, it is hereby

FURTHER ORDERED, that Christopher H. Mansuy, Edward A. Keane, Cornelius A. Mahoney, Garth S. Wolfson, Jorge A. Rodriguez, Marie Cush, or any other partner, associate, paralegal or other agent of MAHONEY & KEANE, LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with any interrogatories, upon garnishee(s) American Express Bank, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank and UBS, together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff) may hold assets of, for, or on behalf of Defendant, SEA GULL SHIPPING CO. LTD.

Dated: New York, New York
       September   , 2008

_____
U. S. D. J.

P:\3593\LEGAL\Ex Parte Order for Process.DOC

## Christopher Mansuy

| | |
|---|---|
| **From:** | Christopher Mansuy [cmansuy@mahoneykeane.com] |
| **Sent:** | Monday, August 18, 2008 5:50 PM |
| **To:** | 'Francesca.Morris@hklaw.com'; 'Harmony.Loube@hklaw.com' |
| **Subject:** | Kalafrana v. Sea Gull 08 civil 5299 |
| **Attachments:** | Rule B Amended Verified complaint (propose) 081808 .doc; holland-knight8-18-08 mtc.doc |

Dear Francesca and Harmony:
Attached please find a letter and Proposed Amended Complaint. If you have any questions please call.

Best regards,
Chris Mansuy
Mahoney & Keane LLP
76 Beaver Street, 10th Floor
New York, New York 10005
Tel: 212-385-1422(ext. 13)
Fax: 212-385-1605
Cell: 973-738-2356

## Christopher Mansuy

**From:** Francesca.Morris@hklaw.com
**Sent:** Wednesday, August 20, 2008 4:24 PM
**To:** cmansuy@mahoneykeane.com
**Subject:** RE: Kalafrana v. Sea Gull o8 civil 5299

Dear Chris,

Sea Gull cannot agree to an amendment of the complaint. Attached is a letter that is being sent to the court to ask for a pre-motion conference regarding Kalafrana's proposed motion to amend the complaint.

Regards,

Francesca


# Holland + Knight

**Francesca Morris**
Partner
Holland & Knight LLP

195 Broadway
New York, NY 10007

Main   212 513 3200
Direct 212 513 3431
Fax    212 341 7234
Email  francesca.morris@hklaw.com

www.hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

**From:** Christopher Mansuy [mailto:cmansuy@mahoneykeane.com]
**Sent:** Wednesday, August 20, 2008 9:37 AM
**To:** Morris, Francesca (NYC - X73431); Loube, Harmony I (NYC - X73383)
**Subject:** Kalafrana v. Sea Gull o8 civil 5299

Dear Francesca and Harmony:
Further to my email on Monday, attached please find a  modified Proposed Amended Complaint. Some of the amounts have been modified and the interest figures have been added in to date. If you have any questions please call.

Best regards,
Chris Mansuy
Mahoney & Keane LLP
76 Beaver Street, 10th Floor
New York, New York   10005
Tel: 212-385-1422(ext. 13)
Fax: 212-385-1605
Cell: 973-738-2356