Francesca Morris
Harmony I. Loube
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010
E-mail:  francesca.morris@hklaw.com
         harmony.loube@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALAFRANA SHIPPING LTD.,<br><br>                    Plaintiff,<br><br>        -against-<br><br>SEA GULL SHIPPING CO. LTD.,<br><br>                    Defendant. | 08 Civ. 5299 (SAS) |

**Reply Memorandum of Law of Sea Gull Shipping Co. Ltd. in
further Support of its Motion to
Vacate and Reduce Kalafrana Shipping Ltd's Maritime Attachment
<u>and in Opposition to the Motion to Amend the Complaint</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...............................................................................................................................2

    POINT I   PLAINTIFF HAS FAILED TO ASSERT A MERITORIOUS
           ARGUMENT TO OVERCOME THE WELL-SETTLED LAW THAT
           A CONTRACT FOR THE SALE OF A VESSEL DOES NOT
           INVOKE ADMIRALTY JURISDICTION .......................................................2

    POINT II KIRBY AND ITS PROGENY HAVE NOT ALTERED THE LONG-
           STANDING RULE THAT CONTRACTS FOR THE SALE OF A
           VESSEL ARE NOT WITHIN ADMIRALTY JURISDICTION .......................5

    POINT III THE CONTRACT AT ISSUE IS PRIMARILY FOR THE SALE OF A
           VESSEL, NOT FOR REPAIRS ......................................................................6

    POINT IV SUPPLEMENTAL JURISDICTION DOES NOT APPLY IN THIS
           CASE ..............................................................................................................9

    POINT V LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED
           BECAUSE IT IS FUTILE AND WOULD PREJUDICE SEA GULL .............11

    POINT VI LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED
           BECAUSE THE ATTACHMENTS SOUGHT IN THE PROPOSED
           AMENDED COMPLAINT ARE NOT BASED ON VALID
           MARITIME CLAIMS ..................................................................................13

CONCLUSION..........................................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acito v. Imcera Group, Inc.,*
    47 F.3d 47 (2d Cir. 1995)..........................................................................................................11

*Aston Agrio-Indus. AG v. Star Grain Ltd.,*
    No. 06 Civ. 2805, 2006 U.S. Dist. LEXIS 91636 (S.D.N.Y. Dec. 20, 2006)....................10, 18

*Carey Marine, Inc. v. M/V Papillon,*
    872 F.2d 751 (6th Cir. 1989) ....................................................................................................2

*Casco Marina Dev. v. M/V Forrestall, et al.,*
    384 F. Supp. 2d 154 (D.D.C 2005)........................................................................................2, 5

*Clements v. Preston,*
    No. 05-0209, 2005 U.S. Dist. LEXIS 34414. (S.D.Ala. Dec. 30, 2005) ...................................5

*Denton v. Ocean Marine Group,*
    No. 06-729, 2007 U.S. Dist. LEXIS 22789 (S.D. Miss. Mar. 28, 2007)..........................5, 7, 8

*Economu v. Bates,*
    222 F. Supp. 988 (S.D.N.Y. 1963) ...........................................................................................2

*Folksamerica Reinsurance Co. v. Clean Water of NY, Inc.,*
    413 F.3d 307 (2d Cir. 2005)............................................................................................5, 8, 9

*Hatteras of Lauderdale, Inc. v. Gemini Lady,*
    853 F.2d 848 (11th Cir. 1988) ..............................................................................................3, 7

*Hayden v. Feldman,*
    159 F.R.D. 452 (S.D.N.Y. 1995) .............................................................................................12

*Herman Family Revocable Trust v. Teddy Bear,*
    254 F.3d 802 (9th Cir. 2001) ....................................................................................................2

*Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.,*
    675 F. Supp. 146 (S.D.N.Y. 1987) ...........................................................................2, 3, 4, 14

*J.A.R., Inc. v. M/V Lady Lucille,*
    963 F.2d 96 (5th Cir. 1992) ......................................................................................................2

*Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht,*
  625 F.2d 44 (5th Cir. 1980) ..................................................................................7

*Lady Di Fishing Team, LLC v. Brunswick Corp.,*
  No. 07-402, 2007 U.S. Dist. LEXIS 80097 (M.D.Fla. Oct. 29, 2007) .................................5, 7

*Laredo Offshore Contractors v. Hunt Oil,*
  754 F.2d 1223 (5th Cir. 1985) ...............................................................................8

*Maersk v. Neewra, Inc.,*
  443 F.Supp.2d 519 (S.D.N.Y. 2006)..........................................................................4

*Magallanes Invest. Co. Inc. v. Circuit Sys. Inc.,*
  994 F.2d 1214 (7th Cir. 1993) ...............................................................................2

*Maritime Petroleo e Engenharia Ltda v. Ocean Rig 1 AS and Ocean Rig 2 AS,*
  78 F. Supp. 2d 162 (S.D.N.Y. 1999)................................................................9, 10, 18

*Norfolk Southern Railway Co. v. James N. Kirby, Pty Ltd.,*
  543 U.S. 14 (2004)....................................................................................5, 6, 7

*P.R. Ports Auth. v. Barge KATY-B,*
  427 F.3d 93 (1st Cir. 2005).................................................................................14

*Richard Bertram & Co. v. The Yacht, Wanda,*
  447 F.2d 996 (5th Cir. 1971) ...............................................................................7

*Ruotolo v. City of New York,*
  514 F.3d 184 (2nd Cir. 2008)...............................................................................13

*Torres v. Knapich,*
  966 F. Supp. 194 (S.D.N.Y. 1997) .....................................................................11, 12

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,*
  109 F.3d 105 (2d Cir. 1997).................................................................................8

*Turner v. Niagara Frontier Transportation Authority,*
  748 F. Supp. 80 (W.D.N.Y. 1990) ..........................................................................11

*Twin City Barge & Towing Co. v. Aiple,*
  709 F.2d 507 (8th Cir. 1983) ...............................................................................2

*Williamson v. Recovery Limited Partnership,*
  No. 07-0548, slip op. (2d Cir. August 22, 2008) ............................................................6

*Winter Storm Shipping Ltd. v. TPI,*
  310 F.3d 263 (2d Cir. 2002)................................................................................18

**STATUTES**

Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§202 *et seq.* .......................9

28 U.S.C. § 1333 ..............................................................................................................18

Federal Arbitration Act, 9 U.S.C. §§1 *et seq.* .................................................................9

## **PRELIMINARY STATEMENT**

Defendant Sea Gull Shipping Co. Ltd. ("Sea Gull" or "Defendant") submits this Reply in further support of its Motion to Vacate and Reduce the Maritime Attachment obtained by Kalafrana.  During the pre-motion conference before this Court, the parties agreed that the facts were undisputed – Kalafrana's claims are based on the contract for the sale of a vessel.[1]  These facts have not changed, and binding precedent holds that the contract for the sale of a vessel does not fall under this Court's admiralty jurisdiction.  Accordingly, the attachment of funds based on the contract for the sale of a vessel should be vacated for lack of subject matter jurisdiction, and the amount of the attachment should be reduced to only include damages for the alleged wrongful arrest of the vessel M/V ASSIL (the "Vessel").

In its opposition to Sea Gull's Motion to Vacate and Reduce the Attachment, Kalafrana has included a cross-motion for leave to amend the complaint (the "Complaint").  After reviewing the well-established law in favor of Sea Gull, set forth in Sea Gull's Motion, Kalafrana has now decided it would like to amend its Complaint.  The proposed amendments, however, cannot change the undisputed fact that the disputed claims are based on the contract for the sale of a vessel which is not a maritime contract.  The court should deny Kalafrana's motion to amend the complaint because it is futile and will prejudice Sea Gull.

---

[1] The transcript from the 8/1/08 pre-motion hearing states: "Court: It sounds like agreed upon facts…I've just read the complaint quickly, there is no doubt about it, this is the contract for the sale of the vessel."  Transcript at 8.  A true and correct copy of the transcript of the pre-motion hearing of August 1, 2008 is attached to the Reply Affirmation of Francesca Morris ("Reply Morris Affirm.") dated August 28, 2008 submitted herewith as Exhibit G.

## ARGUMENT

## <u>POINT I</u>

### <u>PLAINTIFF HAS FAILED TO ASSERT A MERITORIOUS ARGUMENT TO OVERCOME THE WELL-SETTLED LAW THAT A CONTRACT FOR THE SALE OF A VESSEL DOES NOT INVOKE ADMIRALTY JURISDICTION</u>

In its motion, Sea Gull cites Second Circuit precedent holding that a contract for the sale of a vessel is not a maritime contract. *See The Ada*, 250 Fed. 194, 196 (2d Cir. 1918); *see also, Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F. Supp. 146, 150 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 388 (2d Cir. 1989); *Economu v. Bates*, 222 F. Supp. 988, 991 (S.D.N.Y. 1963); *The Guayaquil*, 29 F. Supp. 578, 579 (E.D.N.Y. 1939). In addition, Sea Gull cites to federal courts in numerous circuits that have held that the agreements for the purchase and sale of a vessels are outside of federal admiralty jurisdiction. *See, e.g., Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804 (9th Cir. 2001); *Twin City Barge & Towing Co. v. Aiple*, 709 F.2d 507 (8th Cir. 1983); *Magallanes Invest. Co. Inc. v. Circuit Sys. Inc.*, 994 F.2d 1214, 1217 (7th Cir. 1993); *Carey Marine, Inc. v. M/V Papillon*, 872 F.2d 751, 755 (6th Cir. 1989); *J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir. 1992); *Casco Marina Dev. v. M/V Forrestall, et al.*, 384 F. Supp. 2d 154, 160 (D.D.C 2005).

Instead of addressing the above caselaw, Plaintiff dismisses it as "old, albeit, unreasoned, precedents" and "a few non-binding unreasoned decisions." Plaintiff's brief at 2. This is a complete mischaracterization of well-established, binding Second Circuit precedent and well-reasoned opinions by at least six circuit courts of appeals and many lower courts holding that contracts for the sale of a vessel are not maritime in nature. Plaintiff has been unable to cite a single court that has decided otherwise. The principle is so firmly established, and clearly applies even where repairs are carried out as part of the obligations under a sales contract, that a

2

party contending otherwise may be subject to Rule 11 sanctions. *See Hatteras of Lauderdale, Inc. v. Gemini Lady*, 853 F.2d 848, 851-52 (11th Cir. 1988) (upholding district court's imposition of Rule 11 sanctions where party wrongly asserted that repair work carried out as part of a sales contract invoked admiralty jurisdiction); *see also*, *Int'l Shipping Co., S.A.*, 675 F. Supp. at 150 (S.D.N.Y. 1987) (imposing rule 11 sanctions when counsel brought a case asserting admiralty jurisdiction over the contract for the sale of a vessel and made no argument for an extension, modification or reversal of existing law).

Here, Kalafrana argues that amounts awarded under the arbitration award, based on the alleged breach of the sales contract, were for vessel repairs. Plaintiff's brief at 4. However, Kalafrana does not and can not dispute that the claim against Sea Gull arises out of the alleged breach of the contract for sale of a vessel. According to the arbitrator, the repairs to the Vessel were carried out under the Memorandum of Agreement for the sale of the Vessel.[2] (Ex. 1 to the Complaint, ¶3)[3]. In fact, according to the arbitrator, Kalafrana based its claim for Vessel repairs in the arbitration on Sea Gull's alleged breach of the Memorandum of Agreement for the sale of the Vessel:

> 20. The Buyer's claim is put on the basis that the Seller was in repudiatory breach of its obligations under the MoA due to its inability to perform those obligations following the withdrawal of the vessel from the demise charter and the resulting removal of the Seller's purchase option for the vessel. That repudiatory breach entitled the Buyer to terminate the contract, which it did, and in so doing the Buyer reserved its right to claim for losses arising. The Buyer submits that it is entitled to the right to be placed in the position that it would have occupied had the Seller properly

---

[2] Sea Gull does not concede the authority of the arbitrator to make the arbitration award. However, Kalafrana relies on the arbitration award to make its claim and Sea Gull must look to the arbitration award for the basis of Kalafrana's claim. If Kalafrana intends to rely on different bases for its claim than were found by the arbitrator, then it can not use the arbitration award to state that claim and must abandon its enforcement of the award.

[3] Citations to the exhibits refer to the exhibits attached to the Affirmations of Francesca Morris, dated August 7, 2008 and August 28, 2008, unless otherwise noted.

> performed its obligations under the MoA and had delivered the
> vessel in the condition required by clauses 11 and 17 of the MoA.

Thus, Kalafrana's characterization of the claimed damages as being for vessel repairs is irrelevant. Kalafrana seeks to enforce the arbitration award and its claim in arbitration was, and here is, for the alleged breach of a contract for the sale of a vessel. Such a contract is not a maritime contract. *See, e.g., The Ada*, 250 Fed. at 196; *Int'l Shipping Co., S.A.*, 675 F. Supp. at 150. Therefore, Kalafrana is not entitled to an attachment under Rule B for damages claimed from the breach of contract claim.

Kalafrana has "cross-moved" to amend its complaint.[4] There is no provision in the Federal Rules of Civil Procedure for a cross-motion and Kalafrana has forced Sea Gull to respond to its "cross-motion" on a schedule that was agreed for Sea Gull's motion under Rule E(4) of the Supplemental Rules for Admiralty and Maritime Claims. Thus, Sea Gull has had less time to respond to the "cross-motion" than it would have under the Federal Rules of Civil Procedure to respond to a properly made motion. There is no provision for a cross-motion under the shortened schedule of Rule E(4)(f) and Sea Gull is prejudiced by the inclusion of other issues here. *See, e.g., Maersk v. Neewra, Inc.*, 443 F.Supp.2d 519, 530-31 (S.D.N.Y. 2006). Kalafrana has made its motion as a cross-motion because it is clear that the Complaint is defective and the attachment should be vacated to the extent it is based on a non-maritime contract for the sale of a vessel. Kalafrana's gamesmanship should not be rewarded. The jurisdictional motion is entitled to be heard and decided first and the attachment should be vacated to the extent it is based on the alleged breach of the non-maritime contract for sale of the vessel.

---

[4] This brief complies with the length requirements of a response to a motion rather than a reply brief. Judge Shira A. Scheindlin Individual Rules and Practices, Section (III)(G).

## POINT II

### *KIRBY* AND ITS PROGENY HAVE NOT ALTERED THE LONG-STANDING RULE THAT CONTRACTS FOR THE SALE OF A VESSEL ARE NOT WITHIN ADMIRALTY JURISDICTION

The cases cited by Plaintiff in its opposition brief, including *Kirby* and *Folksamerica*, have not changed the long-standing rule that the contract for a sale of a vessel is not a maritime contract. Following the *Kirby* decision, courts have consistently upheld this principle. *See, e.g., Lady Di Fishing Team, LLC v. Brunswick Corp.*, No. 07-402, 2007 U.S. Dist. LEXIS 80097, at *19 (M.D.Fla. Oct. 29, 2007) (holding that a contract for the sale of a vessel, that also included a warranty under which certain repairs were made, and disputes arose, did not fall under its admiralty jurisdiction); *Denton v. Ocean Marine Group*, No. 06-729, 2007 U.S. Dist. LEXIS 22789, at *3-4 (S.D. Miss. Mar. 28, 2007) ("It is well-settled precedent that a contract for the sale of a vessel, such as is presented by Plaintiff's complaint, is not a maritime contract."); *Clements v. Preston*, No. 05-0209, 2005 U.S. Dist. LEXIS 34414. at *21 (S.D.Ala. Dec. 12, 2005) ("Contracts for the sale of ships are outside the realm of maritime contracts, as a matter of law, and therefore are beyond federal admiralty jurisdiction"); *Casco Marina Dev.*, 384 F. Supp. 2d at 160 (holding that federal admiralty law did not apply to the contract for the sale of a yacht, and instead applying state law).

Plaintiff's reliance on *Kirby* and *Folksamerica* in this case is misplaced. It is true that *Kirby* and its progeny have effectively incorporated a larger number of contracts into admiralty jurisdiction, and have established that "the shore is now an artificial place to draw a line." *Norfolk Southern Ry. Co. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 15 (2004). *Kirby* and *Folksamerica*, however, have not changed the long-standing rule of admiralty contract

jurisdiction that the sale of a vessel is not subject to admiralty jurisdiction. Nor did those cases suggest that well-established maritime precedent should be revisited in every contract case.

Counsel for Kalafrana has submitted to the Court, in support of its opposition to Sea Gull's motion, the recent opinion in *Williamson v. Recovery Limited Partnership*, No. 07-0548, slip op. (2d Cir. August 22, 2008). Plaintiff's reliance on *Williamson* is also misplaced. *Williamson* is clearly distinguishable to the facts in this matter. In *Williamson*, the contracts at issue were non-compete, non-disclosure agreements, and lease contract agreements concerning the search for the *S.S. Central America* in the Atlantic Ocean. *Williamson*, No. 07-0548, at 8-9. The Second Circuit examined the "nature and character of the contract." *Id.* at 9 (quoting *Kirby*, 543 U.S. at 24). The court held that the contracts were entered into in connection with a maritime commercial venture, i.e., the salvage of a vessel, and were maritime contracts. *Id.* at 9. In contrast, the nature and character of the contract at issue here was the sale of a vessel, an area of law to which is well-settled that admiralty jurisdiction does not apply. In *Williamson* the plaintiffs' employment was for the purpose of salvage of a vessel, here any performance under the contract was for the vessel to be sold. Furthermore, there is no suggestion in *Williamson* that the lower court had made a ruling in contradiction to clear Second Circuit precedent, as Kalafrana is seeking here.

## POINT III

### THE CONTRACT AT ISSUE IS FOR THE SALE OF A VESSEL, NOT FOR REPAIRS

Plaintiff argues that the repairs stemming from the sales contract should fall within the courts admiralty jurisdiction because "[r]epairs and husbanding expenses are without doubt maritime." (Plaintiff's brief at 8). Plaintiff, however, fails to address the caselaw that rejects the

application of maritime jurisdiction where the obligation to repair arises from an agreement to sell a vessel. *See, e.g., Gemini Lady*, 853 F.2d at 849; *Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht*, 625 F.2d 44, 47 (5th Cir. 1980); *Richard Bertram & Co. v. The Yacht, Wanda*, 447 F.2d 996, 967-68 (5th Cir. 1971); *Denton*, 2007 U.S. Dist. LEXIS 22789, at *3-5. As stated by the Fifth Circuit, "[a]dmiralty will not entertain suits where the substantive rights of the parties flow from a contract to sell or construct a vessel." *Jones*, 625 F.2d at 47.

In *Gemini Lady*, the court makes it clear that maritime law does not encompass claims, where as here, the substantive rights of the parties flow from a contract to sell or construct a vessel. 853 F.2d at 849-51. The court in *Gemini Lady* held that "all of the [repair] work was completed as part of the sale and/or construction of a new vessel and therefore it does not invoke the maritime jurisdiction of the federal courts." *Id*. Applying the rule that maritime law does not encompass claims where the substantive rights of the parties flow from a contract to sell or construct a vessel, Kalafrana's argument that its claims for repairs are governed by maritime law is without merit.

Similarly, in *Lady Di Fishing Team, LLC*, 2007 U.S. Dist. LEXIS 80097, at *9, decided after *Kirby*, the court held that a contract for the sale of a vessel, that also included a warranty under which certain repairs were made, and disputes arose, did not fall under its admiralty jurisdiction. *Id.* at *19. In explaining its holding, the Court stated that "[t]he crux of this case is the contract for the sale of the vessel, and not for repairs to an existing vessel….this is not an admiralty case." *Id.*, at *19. In *Denton*, 2007 U.S. Dist. LEXIS 22789, at *3-5, decided after *Kirby*, the plaintiff filed a claim asserting admiralty jurisdiction over a dispute regarding defects and repairs to a vessel made pursuant to a warranty in a vessel sales contract. The court stated that "it is well-settled precedent that a contract for the sale of a vessel…is not a maritime

contract." *Id.* at *4 (citations omitted). The Court held that since the "obligation to repair the vessel flows directly from the sales contract," the court lacks admiralty jurisdiction over the claim. *Id.*

A close examination of the allegations in Kalafrana's Complaint demonstrates that the repairs fall squarely within the terms of the sales contract. Plaintiff alleges that Sea Gull did not perform its obligations under the sales contract concerning repairs necessary to satisfy classification and inspection requirements. (*See* Complaint ¶¶ 5, 6). Thus, Plaintiff alleges in its own Complaint that the repairs to the vessel were obligations arising directly from the sales contract. (*See id*). Furthermore, as explained infra in Point I, Kalafrana's entire claim before the arbitrator was brought based on Sea Gull's alleged breach of the Memorandum of Agreement to sell the Vessel. As explained infra in Point I, the arbitration award expressly relied on the sales contract in awarding each of the damages sought here.

Even if the Court were to consider the repair element of the contract to be a maritime element in an otherwise non-maritime contract, Plaintiff still has failed to invoke this Court's admiralty jurisdiction. The mere inclusion of maritime obligations in a mixed contract does not without more, bring non-maritime obligations within the pale of admiralty law. *See Laredo Offshore Contractors v. Hunt Oil*, 754 F.2d 1223, 1231 (5th Cir. 1985); *Denton*, 2007 U.S. Dist. LEXIS 22789, at *6.

Currently, courts recognize two exceptions to the rule that mixed contracts "fall outside admiralty jurisdiction." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 109 (2d Cir. 1997). First, the court "can exercise admiralty jurisdiction over a 'mixed' contract if … the claim arises from a breach of maritime obligations [which are] severable from the non-maritime obligations of the contract." *Folksamerica Reinsurance Co. v. Clean Water of*

8

*NY, Inc.*, 413 F.3d 307, 314 (2d Cir. 2005) (citing *Transatlantic Marine Claims Agency*, 109 F.3d at 109).  Second, the court may "exercise admiralty jurisdiction where the non-maritime elements of a contract are 'merely incidental' to the maritime ones."  *Id.*  Only if the contract meets one of these two exceptions will the court have admiralty jurisdiction over the claim.

In this case, the character of the contract is not primarily maritime.  Rather it is a contract for the sale of a vessel, which under controlling case precedent is non-maritime.  The repairs to the vessel are incidental to the sales contract and were premised on the condition of the Vessel required for its sale.  The repairs are fully intertwined with the sales contract agreement and therefore cannot be separated and tried separately without prejudice to the non-maritime aspect of the contract.  Furthermore, Kalafrana's claim is premised on the arbitration award and so states in each cause of action.  In making the award, the arbitrator in each instance – other than the wrongful arrest claim – based the award on the purported breach of the Memorandum of Agreement for the sale of the vessel. Ex. 1 to the Complaint, P. 5, ¶¶A-E.

## POINT IV

## SUPPLEMENTAL JURISDICTION DOES NOT APPLY IN THIS CASE

Even in Plaintiff's proposed amended complaint it has invoked this Court's admiralty jurisdiction alone and supplemental jurisdiction over the additional claims based on the admiralty jurisdiction.  Ex. B to Plaintiff's Notice of Motion, ¶ 1.  Plaintiff has not invoked this Court's jurisdiction based on the Federal Arbitration Act, 9 U.S.C. §§1 *et seq.*, or on the convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§202 *et seq.*  A Rule B maritime attachment can be invoked only when a plaintiff files a verified complaint sufficient to make a prima facie showing that the plaintiff has a valid maritime claim against defendant in the amount sued for.  *See Maritime Petroleo e Engenharia Ltda v. Ocean Rig 1 AS and Ocean Rig 2*

*AS*, 78 F. Supp. 2d 162, 166 (S.D.N.Y. 1999) (citing 2 Thomas J. Schoenbaum,  Admiralty and Maritime Law, § 21-2 at 471 (2d ed. 1999)).  "Absent the requisite admiralty or maritime jurisdiction, a *Rule B* maritime attachment is void."  *See Aston Agrio-Indus. AG v. Star Grain Ltd.,* No. 06 Civ. 2805, 2006 U.S. Dist. LEXIS 91636, at *7 (S.D.N.Y. Dec. 20, 2006) (citing *Sea Transport Contractors v. Industries Chemiques Du Senegal*, 411 F. Supp. 2d 386, 392 (S.D.N.Y. 2006)); *Maritime Petroleoe Engenharia Ltda*, 78 F. Supp. 2d at 172 ("Because of the absence of subject matter jurisdiction...the maritime attachment is vacated").  A maritime attachment cannot be issued on a non-maritime matter that is before the court by supplemental jurisdiction.

Furthermore, Plaintiff's supplemental jurisdiction argument is based on the confirmation of the arbitration award, which is not before the court at this time and for which the Complaint and the proposed amended complaint have not invoked this Court's jurisdiction.  Ex. 1 to the Complaint, ¶1.  During the pre-motion hearing, the Court made it clear that the motion for confirmation of the award is not under consideration until after the motion to vacate is decided. *See* Transcript at 16.  This will allow the Court to determine whether the attachment is valid and consider "what's at stake" before the parties proceed forward in the litigation. *See id.* at 16. Nevertheless, in its opposition, Plaintiff requests that the court confirm the award and improperly suggests that the court has supplemental jurisdiction for the Rule B attachment based on the award. *See* Plaintiff's Brief at 8.  The attachment must be based on a maritime claim and where it is not, as is the case here, the attachment should be vacated. *Maritime Petroleoe Engenharia Ltda*, 78 F. Supp. 2d at 172.

Additionally, the court should decline supplemental jurisdiction over any award of costs requested by Plaintiff.  As a general rule, costs are not awarded to parties in the United States in

admiralty actions, and the basis of jurisdiction alleged in Plaintiff's Complaint is admiralty jurisdiction. (*See* Complaint ¶ 1).

## POINT V

## LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE IT IS FUTILE AND WOULD PREJUDICE SEA GULL

Recognizing the well-established law that the sale of a vessel is not a maritime contract, but attempting not to release its improperly obtained attachments, Plaintiff now requests leave to amend its complaint. Plaintiff has failed to provide any grounds for granting the motion. Plaintiff cannot possibly cure the defect in the admiralty jurisdiction invoked and establish a maritime claim sufficient to support the broad maritime attachment it seeks issue. The defect is based on the law as applied to the undisputed facts. Plaintiff's claims stem from an arbitration award that was made on the grounds of Sea Gull's alleged breach of a contract for the sale of a vessel, which is not subject to admiralty jurisdiction. Rearranging the facts in the Complaint does not cure this fatal defect. Leave to amend the Complaint should therefore be denied.

Where a proposed amendment would be defective, it is proper to deny leave to file that amendment. *See Acito v. Imcera Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) (affirming district court's decision not to permit plaintiffs to amend their complaint when such leave would be futile); *Torres v. Knapich,* 966 F. Supp. 194 (S.D.N.Y. 1997) (denying motion to amend complaint where amendments would be futile); *Turner v. Niagara Frontier Transportation Authority*, 748 F. Supp. 80, 85 (W.D.N.Y. 1990)("Courts have specifically denied such a motion [to amend] where the amended pleading could be defeated by a motion to dismiss, where the amendment would be futile, or where the claims put forth were defective, or where there was no merit in the proposed amendments" (citations omitted)). In *Torres*, this Court stated that "prior to granting leave to amend, a court must examine the proposed amendments to determine if they

11

are futile on their face."  966 F. Supp. 194, 195 (citing *Town of New Windsor v. Tesa Tuck, Inc.*, 919 F.Supp. 662, 678 (S.D.N.Y. 1996); *Barrett v. U.S. Banknote Corp.*, 806 F.Supp. 1094, 1098 (S.D.N.Y. 1992)).  If those claims would be futile, leave to amend should not be granted.  *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to successful motion to dismiss on some other basis."  *Id.* at 195-96 (citations omitted).  In determining whether to allow an amendment of the complaint, a court should take into account any prejudice that the opposing party would suffer as a result of the amendment.  *See Hayden v. Feldman*, 159 F.R.D. 452, 454 (S.D.N.Y. 1995) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).

Although leave is "freely given" under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff should not be permitted to amend its Complaint because to grant Kalafrana's request would be unjust.  To do so would result in prejudice to Sea Gull which has spent time and expense in filing its motion to vacate based on Plaintiff's Complaint and representations at the pre-motion conference.  Furthermore, the proposed amendments do not alter the undisputed fact that the contract for the sale of a vessel is not maritime in nature, and therefore the part of the attachment based on the arbitrator's award of damages for Sea Gull's alleged breach of the contract for the sale of the vessel is void and should be vacated.

## POINT VI

## LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE THE ATTACHMENTS SOUGHT IN THE PROPOSED AMENDED COMPLAINT ARE NOT BASED ON VALID MARITIME CLAIMS

Kalafrana's cross-motion is an attempt to restate its complaint to allege maritime claims for the damages it seeks.  However, as explained above at Point III and Point V, Kalafrana's attempt to amend the complaint is futile because its claim is for breach of the contract for the sale of the Vessel.

Furthermore, even if this Court should determine that Kalafrana will be permitted to amend its Complaint, this Court should deny Kalafrana's application for an amended order of attachment because, other than the claim for wrongful arrest, in the amount of $34,855.36, the proposed amended complaint does not seek the attachments based on a maritime claim.  Even in the proposed amended complaint the claims are for the alleged breach of the contract of sale.

In addition, Kalafrana's original Complaint and proposed amended complaint seek to confirm the arbitration award that is attached as an exhibit to the complaint.  Kalafrana had the opportunity and the obligation to properly invoke this Court's jurisdiction when it filed its complaint. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2nd Cir. 2008).  Kalafrana's counsel was advised by Sea Gull's counsel that the court lacked maritime jurisdiction over Kalafrana's claims other than the wrongful arrest claim first in a conversation on July 10, 2008 and then by letter dated July 23, 2008.  Morris Reply Affirmation; ¶ 6; Ex. C.  On July 28, 2008, by letter, Kalafrana's counsel declined to reduce the attachment and declined to acknowledge that a contract for sale of a vessel is not a maritime contract.  Ex. D. Sea Gull was forced to make a motion to vacate the attachment and both counsel argued their clients' positions to the Court at the August 1, 2008 pre-motion conference.  Ex. G.

13

In the meantime, at Sea Gull's request, Kalafrana agreed to an extension of time to answer the Complaint. The Answer was served and filed on July 25, 2008 and Plaintiff served an Answer to the Counter-claims dated August 13, 2008. Kalafrana's opposition to Sea Gull's motion was due on August 21, 2008. Three days before its opposition was due, by letter, on the evening of August 18, 2008, Kalafrana's counsel raised the issue of amending the Complaint for the first time. The deficiencies in the Complaint had been made known to Kalafrana long before Kalafrana finally decided to take action. When a party seeks a Rule B attachment it is a procedure in which immediate action is taken to seize a defendant's funds. The possibility of prejudice is the reason for a "prompt hearing" under Rule E(4)(f). Under such circumstances, where the parties are moving on an accelerated schedule and where Kalafrana has attached Sea Gull's funds, Kalafrana should be under a commensurably greater burden to ensure that the allegations are well-founded and to amend any known deficiencies. As explained on page four of Sea Gull's initial Memorandum of Law, suits in admiralty are subject to a "heightened pleading standard" which is a "legal rule designed to counterbalance the unique and drastic remedies that are available in *in rem* admiralty proceedings." *P.R. Ports Auth. v. Barge KATY-B*, 427 F.3d 93, 105 (1st Cir. 2005).

This Court issued the attachment order under Rule B(1) of the Supplemental Admiralty Rules after review of the Complaint and affidavit. As has been shown, the Complaint did not state an admiralty claim other than for the wrongful arrest. The attachment was void because the Complaint failed to state maritime claims. See *Aston Agrio-Indus. AG v. Star Grain Ltd.*, 2006 U.S. Dist. LEXIS 91636, at *7 (citing *Sea Transport Contractors v. Industries Chemiques Du Senegal*, 411 F. Supp. 2d 386, 392 (S.D.N.Y. 2006)); *Maritime Petroleoe Engenharia Ltd.*, 78 F. Supp. 2d at 172 ("Because of the absence of subject matter jurisdiction…the maritime

14

attachment is vacated"); *see also Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002) (stating that to warrant the issuance of a maritime attachment, "the plaintiff's claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. § 1333") (citation omitted). The attachment, to the extent it exceeded the wrongful arrest claim in the Complaint, should be vacated.

Kalafrana had a duty to invoke this Court's jurisdiction based on a valid claim of maritime jurisdiction and to seek a Rule B attachment based on a valid maritime claim. *Int'l Shipping Co., S.A.*, 675 F.Supp. at 150-151 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 388 (2d Cir. 1989). Sea Gull has been prejudiced by Kalafrana's failure to do so and its insistence that Sea Gull make a motion to demonstrate the "elementary hornbook law that a contract for the sale of a vessel is not within the admiralty jurisdiction of the district courts." *Id*. at 150. After Kalafrana has caused Sea Gull to incur unnecessary fees in answering a Complaint that is defective and making a motion based on unrefuted precedent, now Sea Gull is further prejudiced by Kalafrana's dilatory attempt to amend the Complaint in a vain attempt to circumvent the original Complaint's jurisdictional defects.

Kalafrana's proposed amended complaint is not based on any new information and should be rejected because of the prejudice Kalafrana has caused by the litigation strategy it has followed. All the amendments proposed, other than the amounts which are of no real effect, could and should have been included in the original Complaint. The amendments should be rejected as both dilatory and futile.

The first cause of action in the proposed amended complaint is for the wrongful arrest, this is based on the arbitration award and is unchanged from the original complaint. The second cause of action was not included in the original complaint and relates to the action in the

Tribunale di Massa, Italy, regarding the arrest of the Vessel which is referred to in the first cause of action. The arrest action in Italy was well-known to Kalafrana at the time it filed the Complaint and any claim on that action should have been included in the original Complaint. Furthermore, the Italian action should be adjudicated in the Court in which it is venued and which, according to the arbitration award, has had jurisdiction over the arrest proceedings since April 2007. Ex. 1 to the Complaint, ¶7. While Sea Gull conceded that the initial wrongful arrest claim was maritime, the legal fees being claimed in the second cause of action were not part of Kalafrana's claim in arbitration. There is no evidence that such fees could be claimed in the Italian proceeding. The proposed amended complaint invokes this Court's admiralty jurisdiction and supplemental jurisdiction to the admiralty claim. There is no basis for maritime jurisdiction over a claim for attorneys' fees and this claim cannot provide a basis for a Rule B attachment.

The third cause of action in the proposed amended complaint was the second cause of action in the original Complaint. The new fourth cause of action specifically states that it is brought based on an alleged breach of the Memorandum of Agreement for the sale of the Vessel "clauses 11 and 7". Ex. F; proposed Amended Complaint ¶23. The arbitration award, on which the fourth cause of action is based, purported to find breaches of clauses 5, 14, 11 and 17 of the Memorandum of Agreement. *See* Arbitration Award, p. 5 ¶A. There is no maritime jurisdiction over this cause of action for the alleged breach of a contract for sale of a vessel.

The fifth cause of action in the proposed amended complaint is based on the following purported holding in the arbitration award:

> B. I FIND AND HOLD that the Buyer's claim for expenses incurred as a result of the Seller's breach of the MOA succeeds in the equivalent amount of US $97,069.37.

16

Thus, the fifth cause of action is for the alleged breach of the Memorandum of Agreement for the sale of the Vessel. There is no maritime jurisdiction over this cause of action.

The Plaintiff's sixth cause of action is for arbitration costs. The arbitration award was purportedly made based on the alleged breach of the Memorandum of Agreement for the sale of the Vessel. The amount of costs is not included in the award that is before the Court and for which Kalafrana seeks confirmation. This Court cannot confirm an award of costs in a set amount because no award has been made. Furthermore, the Court does not have jurisdiction over the costs claim because Plaintiff has invoked only this Court's maritime jurisdiction. This Court should decline to exercise supplemental jurisdiction over the costs claim and the remainder of Plaintiff's non-maritime claims because the maritime jurisdiction that has been invoked specifically excludes claims for breach of a contract for sale of a vessel.

All of Plaintiff's amendments to the Complaint are based on the arbitration award and could have been included in the initial Complaint. Plaintiff had ample opportunities to seek leave to amend its Complaint before Sea Gull answered and before Sea Gull made a motion to vacate. Instead, Kalafrana's counsel stayed silent at the pre-motion conference, as to any maritime claims other than the wrongful arrest, while the Court discussed with both counsel for the limited issue of whether the attachment, other than for $35,000, was based on a non-maritime contract for sale of the vessel. *See, e.g.,* Transcript at 8-9, Ex. G.

Kalafrana's counsel argued that a contract for the sale of a vessel should be considered maritime. *Id.* at 14-16. At no time did he argue that Kalafrana had claims other than those based on the Memorandum of Agreement for the sale of the Vessel, as Kalafrana argues now. Such an argument might have changed the posture of the case and should have been raised at the pre-motion conference:

Mr. Mansuy: Would your Honor consider my submitting a motion to confirm?

The Court: No. I think Ms. Morris has the better point there. We ought to know what's at stake. Because if I conclude, albeit reluctantly, that I'm bound by higher authority which absolutely precludes sale of vessels from being a Maritime contract, should I end up taking that view, your attachment should be reduced to $35,000 plus interest, and that's the end of it, and then you can debate together what to do about it.

Mr. Mansuy: Okay.

The Court: I mean, maybe I don't need another motion you can work something out. I don't know.

Mr. Mansuy: Thank you.

The Court: They may just say keep the 35 and let's move on, I don't know.

Mr. Mansuy: Okay.

Ex. G, p. 16. Sea Gull has been prejudiced by Kalafrana's delay and amendment should be denied.

Furthermore, as has been shown amendment is futile because even in the proposed amended complaint, the claims are for the alleged breach of a contract for sale of a vessel which is not a maritime contract. These are not maritime claims and neither the Complaint nor the proposed amended complaint provides grounds for an attachment under Rule B other than for the wrongful arrest claim in the amount of $34,855.36 plus interest and costs.

Furthermore, while Plaintiff's motion to vacate is currently pending before this Court, Kalafrana has sought and obtained a freezing injunction order in the High Court of Justice in London. In that order, the London court purports to prohibit the disposition of Sea Gull's assets and specifically refers to the New York banks, JP Morgan Chase Bank, N.A. and American Express Bank, which have attached Sea Gull's funds pursuant to this Court's attachment order.

18

*See* Morris Reply Affirm., Ex. H.  By procuring the freezing order from the London court, Kalafrana wrongfully requested that a foreign court assert jurisdiction over a matter currently pending before this Court and that foreign court assert jurisdiction over assets which are subject to this Court's jurisdiction.  The London order could possibly lead to confusion among New York banks which are required to follow the orders of this Court not a court in London regarding assets within this court's jurisdiction.  Accordingly, Plaintiff has wrongfully disregarded and acted in derogation of this Court's jurisdiction.

For the reasons stated the proposed amended complaint does not cure defects in the original Complaint.  However, in the event this Court permits the amendment and issues an order for Rule B attachment based on the proposed amended complaint prior to vacating the prior attachment, this Court should grant Sea Gull's reasonable attorneys' fees incurred in answering the original Complaint and making the motion to vacate the attachment.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in its moving papers, this Court should grant Sea Gull's motion to vacate the attachment to the extent it is based on claims under the contract for sale of the Vessel; reduce the attachment of Sea Gull's assets to the amount of Kalafrana's claim for wrongful arrest of a vessel, which is alleged in the Complaint as totaling $34,855.36 plus interest and costs; order Kalafrana to pay Sea Gull's attorney's fees and costs associated with this Motion to Vacate and Reduce Attachment; deny Kalafrana's motion to amend the Complaint, and grant such other and further relief as this Court deems fair and just.

Dated:  New York, New York
       August 28, 2008

HOLLAND & KNIGHT LLP

By:_____
     Francesca Morris
     Harmony I. Loube
     195 Broadway
     New York, New York  10007-3189
     Tel:  (212) 513-3200
     Fax:  (212) 385-9010
     *Attorneys for Defendants*
     *Sea Gull Shipping Co., Ltd.*

To: Christopher H. Mansuy
    Mahoney & Keane, LLP
    76 Beaver Street, 10th Floor
    New York, New York 10005
    Tel:  (212) 385-1422
    *Attorneys for Plaintiffs*
    *Kalafrana Shipping  Ltd.*